**Michael D. SEEL, Plaintiff and Appellant,**

**v.**

**Fred VAN DER VEUR, Warden, Central Utah Correctional Facility, Defendant and Appellee.**

No. 950189.

Supreme Court of Utah.

Nov. 17, 1998.

Michael D. Seel, Topeka, Kansas, pro se.

Jan Graham, Att'y Gen., Angela Micklos, Asst. Att'y Gen., Salt Lake City, for defendant.

ZIMMERMAN, Justice:

Michael D. Seel appeals from the dismissal of his petition for extraordinary relief after an evidentiary hearing in the district court. We affirm the dismissal with respect to the issues on which we ordered the hearing, but remand the case for further proceedings consistent with rule 65B(b) of the Utah Rules of Civil Procedure with respect to the issue raised in Seel's motion to amend his petition, granted by this court on July 18, 1996.

We set forth the facts and procedural history of this case before proceeding to the standard of review and our analysis. In the early morning hours of June 2, 1989, four

businesses located in Ferron, Utah, were burglarized. Officers responding to the burglary reported witnessing an orange and white vehicle speeding away from one of the businesses shortly after an alarm sounded. Deputy J.D. Mangum, responding to a radio call, stopped the vehicle outside of Ferron a short time later. In the back seat of the vehicle, Mangum saw merchandise from the four burgled businesses, still wrapped in plastic, with price tags attached. Mangum arrested Seel and another individual and obtained a warrant to search the vehicle. The search revealed the stolen merchandise, a loaded .357 caliber pistol, boxes of ammunition, and various tools including pry bars, chisels, pliers, and a lock pick.

After a jury trial in September of 1989, Seel was convicted of four counts of aggravated burglary, all first degree felonies, in violation of section 76–6–203 of the Code, four counts of theft, violating section 76–6–404 of the Code in differing degrees, and possession of a firearm by a restricted person, a third degree felony, in violation of section 76–10–503(2) of the Code. Seel appealed his convictions to the Utah Court of Appeals, which affirmed the convictions and sentences. *See State v. Seel*, 827 P.2d 954 (Utah Ct.App.1992). Seel petitioned for rehearing by the court of appeals and for certiorari to this court. Both requests were denied.

On November 3, 1994, Seel filed a petition for post-conviction relief in the Seventh Judicial District Court in Emery County, alleging that (i) he was denied due process of law because the trial court failed to dismiss the aggravated burglary charge on the basis of insufficient evidence; (ii) the prosecution failed to prove unlawful entry into a building; (iii) he was denied a fair trial because the prosecutor knowingly presented false testimony and made improper remarks during closing argument; (iv) he was denied effec-

tive assistance of counsel because of numerous mistakes made by trial counsel; (v) he was denied due process when the trial court refused to continue the trial so he could obtain his alibi witnesses; (vi) he was subjected to double jeopardy; (vii) he was denied due process because even though the charge of being a habitual criminal was dropped before trial, the charge was nonetheless read to the jury; and (viii) his sentences are illegal because they are consecutive.[1]

On January 15, 1995, the district court summarily dismissed Seel's petition as frivolous on its face. Seel appealed that decision and, on July 20, 1995, we remanded the case with instructions to hold an evidentiary hearing on the following issues: (i) whether reading to the jury the count of being a habitual criminal was prejudicial to the outcome of Seel's trial; (ii) whether the failure of Seel's attorney to sever the charge of possession of a firearm by a restricted person was prejudicial to the outcome of Seel's trial;[2] and (iii) whether the trial court's failure to grant a continuance of the trial constituted a due process violation. The State then moved to dismiss, contending that Seel's claims were procedurally barred because they were all either fully addressed on direct appeal or should have been raised on direct appeal. The district court eventually dismissed Seel's petition with prejudice.

Seel again appealed to this court, and on February 26, 1996, we again remanded the case to the district court with orders to hold an evidentiary hearing on the issues set forth above. The district court held the evidentiary hearing on September 17, 1996, after which it determined (i) that the habitual criminal count was not read to the jury; (ii) that the joinder of the charge of firearm possession by a restricted person was not prejudicial; and (iii) that the trial court did

---

1. Prior to filing his petition for post-conviction relief with this court, Seel filed a habeas petition with the Federal District Court for the District of Utah. That petition was dismissed with prejudice. Seel appealed to the Tenth Circuit Court of Appeals, which held that the petitions should have been dismissed without prejudice in order to afford Seel an opportunity to exhaust all of his state law remedies.

2. We recognize that this court's order was not phrased entirely clearly in that the first two issues were grouped into one. We appreciate the ability of the district court to correctly divine the meaning of the order.

not prejudice Seel by failing to grant a continuance to allow Seel's counsel time to locate alibi witnesses to testify on Seel's behalf. The district court again dismissed Seel's petition. Seel once again appealed to this court, alleging that he was denied a full and fair evidentiary hearing and challenging the district court's conclusions.

■ We set forth the standard of review before proceeding with our analysis. "On appeal from denial of habeas corpus relief, 'we survey the record in the light most favorable to the findings and judgment; and we will not reverse if there is a reasonable basis therein to support the trial court's refusal to be convinced that the writ should be granted.'" *Bundy v. Deland*, 763 P.2d 803, 805 (Utah 1988) (quoting *Velasquez v. Pratt*, 21 Utah 2d 229, 443 P.2d 1020, 1022 (Utah 1968)). Furthermore, we will set aside the district court's findings of fact only if they are clearly erroneous, and we review its conclusions of law for correctness. *See State v. Pena*, 869 P.2d 932, 936 (Utah 1994).

Turning to our analysis, Seel contends that he was denied a full and fair evidentiary hearing. Having thoroughly reviewed the hearing transcript, we find nothing in the record to support this naked allegation, and we reject it.

Next, Seel contends that even though the habitual criminal charge was dropped before trial, it was nonetheless read to the jury and it prejudiced him. Seel's allegation that the habitual criminal charge was read is based solely on the original trial transcript prepared from the stenographic record of John Greenig, a court reporter. After Seel raised the issue on his direct appeal, this court ordered a hearing to determine whether the charge was in fact read. The district court conducted a hearing and found that the charge was not read. Greenig then filed a corrected transcript and affidavit.

At the evidentiary hearing, Seel was unable to present any evidence that the habitual criminal charge was read other than the original uncorrected transcript. On the other hand, Seel's trial attorney testified that although he could not specifically recall

whether the charge had been read, he was sure he would have objected if it had been. Greenig was not present at the hearing, but the court also heard testimony from another court reporter who testified that she had discussed the issue with Greenig on several occasions and that Greenig repeatedly told her the charge had not been read.[3]

Finally, the court gave Seel an additional sixty days from the date of the evidentiary hearing in which to find and subpoena Greenig, so that if there was any additional evidence to counter the finding that the charge had not been read it could be taken into account. The State also promised to use its best efforts to assist Seel in locating Greenig. The sixty days passed, and Seel produced no additional evidence. Given Seel's inability to provide any evidence that the corrected transcript was in error, we agree with the conclusion of the district court that the habitual criminal charge was not read to the jury. Therefore, Seel suffered no prejudice.

■ Turning to the next issue, Seel contends that the denial of his motion for a continuance was a violation of due process. Upon reviewing the district court's findings of facts, we find that there was no due process violation. In general, the decision whether to grant a continuance is within the discretion of the trial court. *See State v. Creviston*, 646 P.2d 750, 752 (Utah 1982). "In order to constitute reversible error, the error complained of must be sufficiently prejudicial that there is a reasonable likelihood of a more favorable result for the defendant in its absence." *State v. Featherson*, 781 P.2d 424, 431 (Utah 1989). Thus, Seel must show that there was a reasonable likelihood of a more favorable result had the court granted the continuance.

Applying that standard to the facts of this case, it is clear that Seel was not prejudiced by the denial of the motion for a continuance. Seel requested the continuance in order to produce two alibi witnesses at trial. According to Seel, the witnesses would testify that they had caravanned with Seel and his co-defendant from Hanksville to Price on the morning of the events in question, splitting

___

**3.** Seel agreed to the introduction of the hearsay testimony.

up with them in Price at approximately 3 a.m. According to Seel, this would be an effective alibi because a cash register tape from one of the burgled businesses indicated that the register was opened at approximately three in the morning. Because Price is approximately 41 miles from Ferron, Seel argues that it would have been impossible for Seel to be in Ferron in time to commit the burglary.

However, as the district court noted, Seel's argument fails to take account of the overwhelming weight of the evidence against him and the general incredibility of his story. Even if Seel were able to locate his witnesses, something he has been unable to do in the nearly ten years since his conviction, there is nothing to suggest that a jury would find their testimony any more believable than Seel's.[4] Furthermore, the witness's testimony would have value only to the extent that the jury believed the cash register tape showing the time of the robbery as 3 a.m. was accurate. However, the time on the register tape could indicate that the clock was not changed to mountain daylight time. Thus, the jury could just as easily have believed that the robbery took place at 4 a.m., which would clearly have allowed Seel and his accomplice to be in Price at 3 a.m. with the alibi witnesses and in Ferron at the time of the robberies. Quite simply, even though the evidence against Seel was circumstantial, it was nonetheless substantial, and the jury simply did not believe his testimony. In light of the foregoing, we agree with the district court that the trial court's failure to grant Seel's motion for a continuance was not prejudicial. There is no reasonable likelihood that the results of Seel's trial would have been different had the continuance been granted. Therefore, he was not denied due process of law.

■ The third issue we address is whether Seel was prejudiced by his counsel's failure to move to sever the charge of possession of a firearm by a restricted person from the other charges. Seel contends that because possession of a firearm by a restricted person requires proof of a prior felony conviction, the jurors' knowledge of Seel's prior felonies made them more likely to find him guilty of the aggravated burglary and theft charges.

■ We agree with the district court that Seel suffered no prejudice as a result of his counsel's failure to sever the charge. Again, the district court's conclusion was based on the overwhelming weight of evidence against Seel. As discussed above, it seems apparent that the jury simply did not believe Seel's version of the events leading up to his arrest. The district court further based its conclusion on the fact that because Seel himself took the stand, evidence of his prior felony conviction might have come in anyway under rule 609, which allows, under certain circumstances, the use of prior crimes to impeach the credibility of a witness. See Utah R. Evid. 609. Therefore, we agree that the joinder of the charge of firearm possession by a restricted person did not violate Seel's due process rights.

In sum, we uphold the district court's conclusions and affirm the dismissal of the writ on the grounds heard below. However, we must also address one final issue not covered by the district court at the evidentiary hearing. On May 19, 1996, prior to the evidentiary hearing, Seel moved this court to amend his petition for post-conviction relief on the ground of newly discovered evidence. We granted the motion to amend on July 18, 1996. Seel brought his motion to amend to

4. Seel testified that upon arriving in Ferron, he slowed to avoid a rabbit in the road and spied the stolen merchandise on the side of the highway. He testified that he believed the merchandise had fallen out of a truck or camper and that his intention was to contact the police in Lake Powell to see whether anyone had reported it missing. However, since he also testified that he and his accomplice were on their way to Denver, this would have necessitated a detour of approximately 170 miles. Thus, the jury would have had to believe that some other person committed the robberies and managed to avoid detection by the police but then for some reason dumped the merchandise along the highway. The jury would also have had to believe that at 3 a.m. Seel and his companion decided to take the "scenic route" from Price to Denver by going south on Route 10 and then east on I–70, rather than taking the direct route to Green River and getting onto I–70 there. This "scenic route" constituted a detour of approximately 100 miles in the middle of the night when the scenery would not be visible.

the attention of Judge Anderson at the evidentiary hearing but because we had not given any instructions with respect to that issue, Judge Anderson did not take any action. Therefore, we must remand the case to the district court for further proceedings consistent with rule 65B with respect to the sole issue raised in the amended petition.

Chief Justice HOWE, Associate Chief Justice DURHAM, and Justice STEWART concur in Justice ZIMMERMAN's opinion.

Justice RUSSON, having disqualified himself, does not participate herein.