2002 UT 128

**Richard Dee THOMAS, Plaintiff and Appellant,**

v.

**STATE of Utah, Defendant and Appellee.**

**No. 20010367.**

Supreme Court of Utah.

Dec. 27, 2002.

---

Mark L. Shurtleff, Att'y Gen., Erin Riley, Asst. Att'y Gen., Salt Lake City, for defendant.

Karl R. Cannon, Terrence J. Edwards, Midvale, for plaintiff.

1.  Thomas filed his appeal through different counsel than represents him here and represented himself pro se on remand to the court of appeals.

2.  The district court's dismissal of the pro se petition, affirmed by this court on appeal from the dismissal, functioned as a final judgment. There was, therefore, no restraint on the court of

HOWE, Justice:

¶ 1 Richard Dee Thomas appeals from the district court's order dismissing his petition for extraordinary relief in which he challenged his conviction for aggravated robbery. We affirm.

## BACKGROUND

¶ 2 Thomas was convicted of aggravated robbery on August 4, 1995, and was sentenced to five years to life in prison. He was on parole at the time of his arrest for that crime, and an arrest warrant had been issued in connection with his parole violation. Thomas appealed his conviction,[1] challenging the validity of a search warrant and a photo array used for identification. The court of appeals affirmed the conviction in a memorandum decision. *State v. Thomas*, No. 960170–CA (Utah App. Nov. 29, 1966). The court declined to address the photo array issue, holding that it was inadequately briefed. As to the search warrant issue, the court held that the issuance of a search warrant was not a core judicial function and could be performed by a court commissioner. We granted certiorari to review the decision of the court of appeals. *State v. Thomas*, 961 P.2d 299 (Utah 1998). We affirmed the court of appeals' holding as to the photo array. We reversed the holding regarding the search warrant and remanded for a determination as to whether the district court's failure to suppress the evidence resulting from the search constituted reversible error. *Id.* at 305. On remand, the court of appeals found the error to be harmless and affirmed the conviction in unpublished memorandum decision number 961170–CA.

¶ 3 Prior to trial, Thomas filed and amended the pro se petition before us here. After Thomas' conviction the district court dismissed the petition as premature, given the adequate remedy of direct appeal.[2] Subse-

appeals' jurisdiction, and Thomas was free to raise all of the relevant issues in his appeal from his conviction. The subsequent reinstatement of the petition could not be foreseen by Thomas at the time of appeal, and did not diminish his responsibility to avail himself of the "plain, speedy and adequate remedy" available through appeal.

quent to appeal and a number of procedural complications, however, this Court ordered the district court to reinstate the petition. Following reinstatement, the district court issued a memorandum decision stating, "[t]he [c]ourt determines that the grounds relied upon [in the petition] are without merit," and can be disposed of as a matter of law, and thus dismissed the petition. Thomas now appeals from that dismissal.

## STANDARD OF REVIEW

¶ 4 " 'On appeal from denial of habeas corpus relief, "we survey the record in the light most favorable to the findings and judgment; and we will not reverse if there is a reasonable basis therein to support the trial court's refusal to be convinced that the writ should be granted." ' " *Seel v. Van Der Veur,* 971 P.2d 924, 926 (Utah 1998) (quoting *Bundy v. DeLand,* 763 P.2d 803, 805 (Utah 1988) (additional citation omitted)). "Furthermore, we will set aside the district court's findings of fact only if they are clearly erroneous, and we review its conclusions of law for correctness." *Id.*

## ANALYSIS

¶ 5 The issues presented in the petition consisted of attacks on (1) the arrest warrant and charging information, (2) the bind over, (3) the search warrant, (4) Thomas' confession, (5) the parole pre-revocation hearing, (6) the post-arrest preliminary hearing, (7) the time that elapsed between arrest and trial, and (8) the Board of Pardons' refusal to grant Thomas credit for time he served prior to sentencing. The district court did not grant a hearing on the petition, concluding that there were no factual issues in dispute and that it could therefore rule on the case as a matter of law. We affirm the district court's order on the principal grounds relied on below, and we briefly restate those grounds.

¶ 6 Other than the issue of credit for time Thomas served prior to sentencing, each of Thomas' complaints can be answered summarily. The search warrant was raised and adjudicated on appeal, and the arrest warrant, charging information, confession, and bind over issues clearly could have been raised on direct appeal. The court concluded that Thomas had not raised his failure to receive a trial within 120 days in either his original or amended petition, and that this also could have been raised on direct appeal. The record supports the sufficiency of these findings and conclusions, and Thomas has made no effort to marshal and show the insufficiency of the evidence. *See Alta Indus. Ltd. v. Hurst,* 846 P.2d 1282, 1284 (Utah 1993). Therefore, none of these issues are appropriate for extraordinary relief. At the time Thomas filed his pro se petition, Utah Rule of Civil Procedure 65B provided for extraordinary relief "[w]here no other plain, speedy, and adequate remedy is available." Utah R. Civ. P. 65B (1994). His subsequent appeal was also subject to Utah Code Ann. section 78–35a–106 (1996) stating: "A person is not eligible for [extraordinary] relief under this chapter on any ground that ... was raised or addressed at trial or on appeal [or] could have been but was not raised at trial or on appeal." Thomas has received his lawful right to an appeal, and his own neglect does not entitle him to an additional share of this state's judicial resources.

¶ 7 Several of Thomas' contentions fail on their merits as well. As to the arrest warrant and charging information issues, the district court concluded that Thomas was "already in the custody of the State under the parole warrant." Indeed, the record indicates that a parole violation warrant was outstanding when the arrest warrant was issued. Therefore, regardless of whether Thomas was physically in the custody of the state upon the issuance of the arrest warrant, he was clearly subject to state custody whenever the State chose to serve the parole violation warrant. Moreover, the United States Supreme Court has held that "illegal arrest or detention does not void a subsequent conviction." *Gerstein v. Pugh,* 420 U.S. 103, 119, 95 S.Ct. 854, 865, 43 L.Ed.2d 54, 68 (1975). Therefore, "an error at the preliminary stage is cured if the defendant is later convicted beyond a reasonable doubt." *State v. Quas,* 837 P.2d 565, 566 (Utah Ct. App.1992); *see also State v. Schreuder,* 712 P.2d 264, 272 (Utah 1985) (holding that a

defect in probable cause statement does not invalidate subsequent conviction).

¶ 8 As to the preliminary hearing and parole pre-revocation hearing issues, the district court found that the preliminary hearing was postponed several times at Thomas' request, that he waived his right to a preliminary hearing, and that the hearing was nonetheless held on December 14, 1993. The court also concluded that Thomas had specifically waived his right to a parole pre-revocation hearing and that he had not provided the court with any information upon which it could adjudicate the timeliness of his full parole revocation hearing.

¶ 9 Finally, we may not review the Board of Pardons and Parole's refusal to grant Thomas credit for time served as such decisions are within the discretion of the Board. Under Utah Code Ann. section 77–27–5(3) (1995), "[d]ecisions of the board in cases involving paroles, pardons, commutations or termination of sentence, restitution or remission of fines or forfeitures are final and are not subject to judicial review." This court noted in *Petersen v. Board of Pardons,* 907 P.2d 1148, 1151 (Utah 1995), that "the Legislature has specifically barred appeals from Board of Pardons orders." We also conclude that the district court properly denied Thomas a hearing on his pro se petition since there were no factual issues in dispute.

¶ 10 We affirm the district court's dismissal of Thomas' petition.

¶ 11 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice RUSSON, and Justice WILKINS concur in Justice HOWE's opinion.