2005 UT App 330

**Wade PENNINGTON, Petitioner and Appellant,**

v.

**STATE of Utah, Respondent and Appellee.**

No. 20040891–CA.

Utah Court of Appeals.

July 29, 2005.

Wade Pennington, Draper, Appellant pro se.

Mark L. Shurtleff, Atty. Gen., and Erin Riley, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before BILLINGS, P.J., DAVIS and THORNE, Jr., JJ.

OPINION

THORNE, Jr., Judge:

¶ 1 Wade R. Pennington appeals from the habeas court's [1] denial of his petition for

---

1. This case involves the actions of multiple trial courts. For clarity, we refer to the court that

denied Pennington's PCRA petition as the "habeas court," and the court(s) that sentenced Pen-

post-conviction relief pursuant to Utah's Post–Conviction Remedies Act (PCRA). *See* Utah Code Ann. §§ 78–35a–101 to –304 (2002). We reverse.

¶ 2 Pennington was originally sentenced to multiple terms of zero to five years imprisonment for felony convictions occurring in June 2001. Those prison terms were suspended and Pennington was placed on three years probation. Pennington promptly violated the terms of his probation and on November 19, 2001 the sentencing court revoked his probation. The minutes of the November 19 sentence, judgment, and commitment order[2] stated that:

> The defendant's probation is *revoked.* The defendant is to serve the sentence as imposed in the original Sentence, Judgment and Commitment. COMMITMENT is to begin immediately. To the SALT LAKE County Sheriff: The defendant is remanded to your custody for confinement.
>
> SENTENCE JAIL
>
> Defendant is to serve 365 Days in the Salt Lake County Jail. Defendant is to report to the Salt Lake County Jail for service. Commitment is to begin immediately. To the Salt Lake County Sheriff: The defendant is remanded to your custody for confinement.
>
> SENTENCE JAIL
>
> Defendant is to serve 365 Days in the Salt Lake County Jail. Defendant is to report to the Salt Lake County Jail for service. Commitment is to begin immediately. To the Salt Lake County Sheriff: The defendant is remanded to your custody for confinement.
>
> Court orders defendant to serve 365 days jail with NO credit for time served and NO good time. Court [o]rders defendant to complete the CATS program while incarcerated.

(Emphasis added.) Pennington served the 365 days of jail time and was released in November 2002. Shortly thereafter, Pennington was charged with another probation

violation, apparently for fleeing from a police officer. In January 2003, a different sentencing judge again revoked Pennington's probation and reimposed his original prison sentence, upon which he remains incarcerated.

¶ 3 In May 2003, Pennington filed a PCRA petition alleging that his 2003 probation revocation was unlawful because the sentencing court did not reinstate his probation after revoking it in 2001. The habeas court found that the sentencing court did reimpose standard conditions of probation at the 2001 revocation hearing, that the 365 days of jail time was imposed as a condition of probation, and that the length of probation was the standard thirty-six month period for each felony case. For these reasons the habeas court determined that the 2003 revocation was proper and denied Pennington's petition for relief.

¶ 4 When reviewing the denial of a petition for relief under the PCRA, " 'we will set aside the district court's findings of fact only if they are clearly erroneous, and we review its conclusions of law for correctness.' " *Thomas v. State,* 2002 UT 128, ¶ 4, 63 P.3d 672 (quoting *Seel v. Van Der Veur,* 971 P.2d 924, 926 (Utah 1998)). Furthermore, "the record is reviewed in the light most favorable to the findings and judgment and will not be reversed 'if there is a reasonable basis therein to support the trial court's refusal to be convinced that the writ should be granted.' " *Montoya v. Sibbett,* 2003 UT App 398, ¶ 6, 81 P.3d 797 (quoting *Northern v. Barnes,* 870 P.2d 914, 915 (Utah 1993)). Even under these deferential standards, it is clear to us that the habeas court's factual findings regarding the 2001 revocation proceedings are not supported in the record.

¶ 5 The minutes of the 2001 revocation hearing do not evidence any reimposition of Pennington's probation. Read alone, the minutes appear to indicate that the sentencing court revoked Pennington's probation, reinstated his original sentence of imprison-

nington and initially revoked his probation as the "sentencing court."

2. Due to Pennington's multiple cases there were multiple minutes reflecting the sentence, judge-

ment, and commitment in each case. The minutes are nearly identical and we recite only one here. These minutes are the only record evidence of the November 2001 hearing.

ment, and simultaneously amended that sentence to a determinate 365 days of imprisonment.[3] If this is in fact what occurred, the reimposed sentence did not include a probationary term and Pennington would not have been subject to revocation proceedings after serving the 365-day sentence.

¶ 6 The State urges an alternate interpretation of the 2001 revocation hearing, asserting that the sentencing court intended to reinstate probation with the 365-day jail term as one condition of probation. Even if we were to adopt this version of events, it would still not support the habeas court's findings regarding the terms and length of the reimposed probation. And, faced with similar circumstances in the past, we have declined to decide between competing interpretations of a sentence and instead remanded the matter to the sentencing court for clarification. For example, in *State v. Peterson*, 869 P.2d 989 (Utah Ct.App.1994), we stated

> [I]t is not clear whether the trial court imposed an illegal sentence. The written order declares that defendant's probation is terminated and not reinstated. However, the court's findings on the record are unclear as to whether probation was reinstated. We cannot determine the trial court's intentions from the order or from the record. Thus, we remand this case to the trial court to clarify the sentence. If the court intended to revoke probation and reinstate defendant's sentence, the sentence must be corrected to one to fifteen years at the Utah State Prison. If the court instead intended to reinstate a probationary period of one year to be served

in the county jail, the court's order should make this clear.

*Id.* at 992.

¶ 7 We decline to decide between these competing interpretations, in part because of the scant record before us, but primarily because such a decision is unnecessary to the resolution of this appeal. For purposes of Pennington's challenge to his 2003 revocation, it does not matter if the sentencing court intended to reimpose Pennington's probation in 2001 because there is insufficient evidence in the record presented to this court that Pennington was on notice of any term of probation reimposed. Reimposition of probation was not reflected in the minutes of the 2001 revocation. Both parties below made attempts to secure the records of Pennington's underlying criminal cases, including transcripts or tapes of the 2001 revocation hearing, but the habeas court apparently issued its denial order before those materials were obtained. Further, Pennington alleges that he took affirmative steps to determine whether he was on probation following his release from jail, and received no indication that he was on probation after conferring with the staff of the court clerk's office, Drug Court, and Adult Probation and Parole.[4] Under these circumstances, there is insufficient evidence from which the habeas court could conclude that Pennington had notice of the State's expectation that he conform to the general terms of probation or face reinstatement of his original sentence.

¶ 8 We reverse the habeas court's denial order and remand this matter for further proceedings to determine (1) whether Pennington's sentence as reimposed at the 2001 revocation hearing included a probation term beyond the 365-day term of imprisonment; (2) the terms and duration of any such proba-

---

3. The State argues that this would constitute an illegal sentence. *See* Utah Code Ann. § 76-3-203(2)(c) (Supp.2001) ("A person who has been convicted of a [third degree] felony may be sentenced to imprisonment for an indeterminate term ... not to exceed five years[.]"); *see also Padilla v. Board of Pardons*, 947 P.2d 664, 669 (Utah 1997) (stating that under Utah's indeterminate sentencing scheme, "a court *must* set an indeterminate sentence as provided by statute"). We express no opinion on the State's argument, as the propriety of the 2001 reimposition of sentence is not directly before us in this appeal. We note that any illegality in Pennington's underly-

ing sentence can be addressed by the habeas court if and when it determines that Pennington is entitled to relief. *See* Utah Code Ann. § 78-35a-108(1) (2002) ("If the court grants the petitioner's request for relief, it shall either: (a) modify the original ... sentence; or (b) vacate the ... sentence and order a new ... sentencing proceeding as appropriate.").

4. These allegations are contained in Pennington's PCRA petition. Although the petition is unsworn, the State does not dispute Pennington's allegations and they appear to be undisputed for purposes of this appeal.

tion; and (3) the notice that Pennington had of any such probation. If the habeas court determines that Pennington is entitled to relief from his 2003 revocation because he was not on probation or had insufficient notice of the existence, terms, or duration of probation, then the habeas court is to fashion an appropriate remedy pursuant to Utah Code section 78–35a–102. *See* Utah Code Ann. § 78–35a–102.

¶ 9 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge, and JAMES Z. DAVIS, Judge.