**2014 UT App 210**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
DONALD FRETHEIM,
Defendant and Appellant.

Memorandum Decision
No. 20130344-CA
Filed September 5, 2014

Fifth District Court, Cedar City Department
The Honorable G. Michael Westfall
No. 121500536

Matthew D. Carling, Attorney for Appellant

Sean D. Reyes and Daniel W. Boyer, Attorneys
for Appellee

JUDGE STEPHEN L. ROTH authored this Memorandum Decision, in which JUDGE J. FREDERIC VOROS JR. concurred. JUDGE MICHELE M. CHRISTIANSEN concurred, except that as to part I, she concurred only in the result.

ROTH, Judge:

¶1 Donald Fretheim was convicted of distribution of or arranging to distribute a controlled substance, a second degree felony. On appeal, Fretheim argues that the trial court erred in denying his motion to quash the magistrate's decision to bind the case over for trial because the trial court's decision relied solely on a police officer's allegedly unreliable hearsay testimony. He also challenges the trial court's decision to impose

a consecutive sentence, arguing that the court failed to consider the requisite statutory factors. We affirm Fretheim's conviction and sentence.

¶2    In August 2012, police arranged a controlled buy of methamphetamine in southern Utah. Police equipped a confidential informant with a recording device and gave him $160 for the purchase. The informant met Fretheim in a trailer park on the outskirts of Cedar City, Utah. Inside an abandoned trailer, the informant offered to buy methamphetamine from Fretheim. Fretheim pulled a "big chunk" of methamphetamine out of a sack, weighed it at 1.5 grams, and tossed it to the informant, who paid him with the money he had received from officers. Police were at the scene and listening through a wire, but Fretheim was not identified during the conversation with the informant and the officers conducting the surveillance did not see him. After the sale, the informant returned to Cedar City where he immediately met with police. He described the transaction and identified Fretheim as the person who sold him the drugs.

¶3    Fretheim was charged with one count of distribution of or arranging to distribute a controlled substance, a second degree felony. *See* Utah Code Ann. § 58-37-8(1)(a)(ii), (b)(i) (LexisNexis 2012). At the preliminary hearing, a police officer testified about the informant's involvement in the drug transaction and stated that the informant had identified Fretheim as the seller. Fretheim objected, arguing that the officer's testimony was inadmissible hearsay. The magistrate overruled the objection, found probable cause to believe that Fretheim committed the offense, and proceeded to bind him over to the district court for trial. Fretheim moved to quash the bindover, arguing that the officer's testimony was unreliable and did not satisfy any exception to the hearsay rule. The trial court denied the motion and held that the officer's testimony bore sufficient "indicia of reliability" to be admissible under rule 1102's catchall exception to the hearsay

rule. *See* Utah R. Evid. 1102(a), (b)(9) (providing that "other hearsay evidence with similar indicia of reliability, regardless of admissibility at trial" is "admissible at criminal preliminary examinations").

¶4     The confidential informant testified at Fretheim's trial, and the jury convicted Fretheim of the charged offense. In the meantime, Fretheim had been convicted in another case. During the sentencing hearing for both convictions, defense counsel urged the court to impose concurrent sentences, citing Fretheim's willingness to "change his life" and "improve his circumstances." After noting that it had carefully reviewed Fretheim's presentence report (PSI), the court imposed a one-to-fifteen-year sentence in this case to run consecutive to his sentence in the other case.

¶5     Fretheim raises two issues on appeal. First, he contends that the motion to quash should have been granted because the court incorrectly relied on the officer's hearsay testimony and there was not enough additional evidence to meet the probable cause standard required to bind him over for trial. Second, Fretheim argues that the trial court abused its discretion by failing "to indicate what factors, if any, it considered in determining that the sentence be consecutive." He maintains that "without some acknowledgment on the record that [the court] had considered the codified factors," "[i]t is impossible to know if the court relied on irrelevant information to reach its decision." We consider each issue in turn.

## I. The Bindover Ruling

¶6     Fretheim argues that the officer's testimony at the preliminary hearing was inadmissible because the State failed to present "sufficient information about the [informant] to reach the reliability requirement, including evidence as to [the informant's] truthfulness and [his] basis of . . . knowledge." And

without the informant's identification, Fretheim contends, there was no other evidence from which the court could have found probable cause that Fretheim committed a crime. We conclude that any evidentiary error at the preliminary hearing became moot when the jury found Fretheim guilty beyond a reasonable doubt, so we do not address either the admissibility of the officer's testimony or the sufficiency of the evidence at the preliminary hearing.

¶7     The Utah Supreme Court has held that "any flaw in a bindover determination is necessarily 'cured' if the defendant is later convicted beyond a reasonable doubt." *State v. Winfield*, 2006 UT 4, ¶ 26, 128 P.3d 1171; *see also Thomas v. State*, 2002 UT 128, ¶ 7, 63 P.3d 672 (noting that errors in preliminary proceedings are cured by a subsequent conviction at trial). This is because any error in a probable cause determination "becomes moot" once a defendant has been convicted under the "much more stringent requirements of proof at trial," where stronger constitutional and evidentiary safeguards "have been employed to protect the defendant." *State v. Schreuder*, 712 P.2d 264, 272 (Utah 1985).

¶8     For example, in *State v. Winfield*, 2006 UT 4, 128 P.3d 1171, the Utah Supreme Court held that a defendant's sufficiency-of-the-evidence challenge to a district court's bindover determination was mooted by his subsequent conviction at trial. *Id.* ¶¶ 25–26. Similarly, in *Thomas v. State*, 2002 UT 128, 63 P.3d 672, the court rejected a probable-cause challenge to the validity of an arrest warrant raised after the defendant's conviction. *Id.* ¶¶ 2, 5, 7. The court noted that an "'illegal arrest or detention does not void a subsequent conviction,'" and explained that compliance with the probable cause standard, whether in a bindover proceeding or in the issuance of an arrest warrant, is cured after a conviction because the State has subsequently been held to a higher burden of proof at trial. *Id.* ¶ 7 (quoting *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975)); *see also Schreuder*, 712 P.2d at

272 (noting that a "temporary period of possibly wrongful detention [before trial] is of minimal significance and does not warrant reversal of an otherwise valid conviction"). And more recently, in *State v. Hernandez*, 2011 UT 70, 268 P.3d 882, our supreme court noted that the failure to even "hold a preliminary hearing is mooted by the entry of a guilty plea or finding of guilt at trial." *Id.* ¶ 29 n.3.

¶9    Here, Fretheim's only objection to the bindover ruling was that "the sole basis" for the trial court's decision was the officer's hearsay testimony that a confidential informant had identified Fretheim as the seller in a drug transaction. But at trial, a jury unanimously found Fretheim guilty beyond a reasonable doubt. As our supreme court has recognized, a magistrate's "probable cause" determination "becomes moot by the time a defendant has been convicted because the much more stringent requirements of proof at trial have been employed to protect the defendant." *Schreuder*, 712 P.2d at 272. We therefore do not consider further Fretheim's challenge to the bindover ruling.

## II. The Consecutive Sentence

¶10    Fretheim also argues that the trial court abused its discretion by failing "to indicate what factors, if any, it considered in determining that the sentence be consecutive." (citing Utah Code Ann. § 76-3-401(2) (LexisNexis 2012) (providing that before imposing a consecutive sentence, trial courts "shall consider the gravity and circumstances of the offenses, the number of victims, and the history, character, and rehabilitative needs of the defendant")). The State responds that the court "did consider all legally relevant factors because it reviewed [Fretheim's] PSI before sentencing" and the PSI "more than adequately addressed [Fretheim's] extensive criminal history, multiple probation violations, and rehabilitation needs." We agree with the State.

¶11    Trial courts have "'wide latitude and discretion'" when imposing a sentence. *State v. Helms*, 2002 UT 12, ¶ 8, 40 P.3d 626 (quoting *State v. Woodland*, 945 P.2d 665, 671 (Utah 1997)). "Generally, we will reverse a trial court's sentencing decision only if it is an abuse of the judge's discretion." *Id.* Failing "to consider all legally relevant factors" before imposing a consecutive sentence is such an abuse, *id.* (citation and internal quotation marks omitted), but "judges have no obligation to make findings of fact" on each statutory factor, *State v. Lingmann*, 2014 UT App 45, ¶ 34, 320 P.3d 1063. Rather, we will affirm a sentencing decision even where the trial court "failed to make findings on the record whenever it would be reasonable to assume that the court actually made such findings." *Helms*, 2002 UT 12, ¶ 11. For example, in *Lingmann*, we concluded that because a presentence investigation report contained sufficient information on each consecutive sentencing factor, the trial court's indication on the record that it had reviewed the presentence investigation report was sufficient to demonstrate that the court had adequately considered each factor. 2014 UT App 45, ¶ 36.

¶12    Here, the court was required by statute to consider "the gravity and circumstances of the offenses, the number of victims, and the history, character, and rehabilitative needs of the defendant" before imposing a consecutive sentence. *See* Utah Code Ann. § 76-3-401(2). Our review of the record indicates that the court adequately considered each factor. At the sentencing hearing, the court stated that it had "read the amended presentence investigation report" in detail. The PSI described Fretheim's "[e]xtensive criminal history," including "[f]our prior felonies, nine prior misdemeanors," and repeated probation violations between 2006 and 2010. The report indicated that Fretheim has a "[l]ong and serious history of substance abuse," "a history of violence," "limited contact with family members," and associations with people who "have been involved in drug use and . . . other criminal activity." It also described the

circumstances of Fretheim's offense, including the fact that there were no victims (because the drug distribution was part of a controlled buy), noted the presence of three aggravating circumstances and no mitigating circumstances, and also detailed Fretheim's family background, education, employment, and financial history. Finally, the report stated that Fretheim "was blatantly unwilling to cooperate in the PSI process" and refused to provide a variety of requested information because he "felt that he was set-up." Thus, the PSI contained "sufficient information" for the court "to adequately consider [Fretheim's] history, character, and rehabilitative needs, as well as the gravity and circumstances of the offenses and the number of victims, and we can presume that [the trial court] did so." *See Lingmann*, 2014 UT App 45, ¶ 36 (citation and internal quotation marks omitted). In addition, the court heard from both prosecution and defense at the sentencing hearing. We therefore conclude that the court's decision to impose a consecutive sentence was not an abuse of discretion.

¶13 For the foregoing reasons, we affirm Fretheim's conviction and sentence.

_____