2002 UT App 73

**A.K. & R. WHIPPLE PLUMBING AND HEATING, Plaintiff and Appellee,**

v.

**Thomas D. GUY; and Aspen Construction, a Utah corporation, Defendants and Appellants.**

No. 20001009–CA.

Court of Appeals of Utah.

March 14, 2002.

Rehearing Denied May 6, 2002.

---

Joseph M. Chambers, Logan, for Appellants.

Steven B. Wall, Salt Lake City, for Appellee.

Before Judges BENCH, DAVIS, and ORME.

## OPINION

DAVIS, Judge.

¶ 1 Aspen Construction (Aspen) appeals from the final judgment (on remand from the Utah Court of Appeals) of the Third District Court denying A.K. & R. Whipple Plumbing & Heating's (Whipple) claim for foreclosure of its $30,647.20 mechanics' lien claim, entering a net judgment against Whipple in the amount of $527.00, and declining to award Aspen attorney fees.

## BACKGROUND [1]

¶ 2 The initial appeal and the subsequent remand involved three separate lien foreclosure matters that were consolidated into one action for trial.[2] The trial court ruled in favor of Whipple on the other two foreclosure matters, determined the lien amounts ($631.00 for the Dianne Quinn lien and $1,666.00 for the Tom Guy Poolhouse lien), found Whipple to be the "successful party" with respect to those liens, determined reasonable attorney fees related to those lien foreclosure matters, and entered orders of foreclosure respecting those two parcels of property.

¶ 3 On March 18, 1999, we remanded this matter to the trial court for disposition consistent with our opinion stating:

> The Utah mechanics' lien statute provides "in any action brought to enforce any lien under this chapter the successful party shall be entitled to recover [a] reasonable attorneys' fee, to be fixed by the court, which shall be taxed as costs in the action." Utah Code Ann. § 38–1–18 (1997). In this case ... the trial court ... went on to award Whipple the value of the work performed on Aspen's property. Based in part on this finding, the trial court concluded that Whipple was the prevailing party and entitled to an award of attorney fees. However, this conclusion may be erroneous in light of our determination that section 58–55–604 precludes Whipple from recov-

---

1. A detailed summary of the underlying facts in this case is set forth in *A.K. & R. Whipple Plumbing & Heating v. Aspen Constr.*, 1999 UT App 87, 977 P.2d 518 (*Whipple I*).

2. The three lien foreclosure actions, which were consolidated for purposes of trial, are referenced herein as: (1) the Dianne Quinn lien; (2) the Tom Guy Poolhouse lien; and (3) the Thayne's Canyon property lien.

ering for its HVAC work. Based upon our review of the record, it appears the HVAC claim was the single most important issue in this case and Aspen, having fully prevailed on the HVAC claim in this appeal, may now be entitled to prevailing party status under section 38–1–18. If on remand the trial court determines Aspen is the prevailing party under section 38–1–18, then Aspen must be given the opportunity to present evidence regarding attorney fees incurred in pursuing its claim. We therefore remand this issue to the trial court for a redetermination of the attorney fees award consistent with this opinion and the entry of findings necessary to support the revised award.

*A.K. & R. Whipple Plumbing & Heating v. Aspen Constr.*, 1999 UT App 87,¶ 31, 977 P.2d 518 (*Whipple I*) (footnote omitted). On remand, the trial court conferenced with counsel and set deadlines to submit memoranda on the issues we identified.

¶ 4 A hearing was held on November 10, 1999, at which time arguments were heard and evidence presented, by way of affidavit, as to the reasonable attorney fees incurred by the parties. At the time of the hearing, Whipple's attorney argued that he could not allocate fees, but after the hearing an affidavit supporting Whipple's claim for attorney fees was submitted.

¶ 5 On January 20, 2000, the trial court again found Whipple to be the successful party with respect to the mechanics' lien claim on the Diane Quinn property as well as the Tom Guy Poolhouse property, and awarded fees to Whipple in connection with those two lien foreclosure matters. The trial court denied Whipple's claim for foreclosure of the $30,647.20 mechanics' lien claim filed against Aspen for the Thayne's Canyon property because Whipple was not licensed to perform HVAC work. After calculating an offset for the HVAC work against Whipple's total recovery, the court entered a net money judgment in favor of Aspen and against Whipple in the amount of $527.00. The court also ruled that the outcome was essentially a "draw" and concluded neither party should be awarded its fees because: 1) Aspen had barely prevailed in the lien foreclosure action

involving the Thayne's Canyon property; 2) Aspen "prevailed on an essentially legal issue;" and 3) Aspen "should have allocated attorney fees [between] the mechanics['] lien claim of [Whipple] and the time expended litigating the Licensure issues but has failed to do so."

¶ 6 Aspen appeals the trial court's failure to award it attorney fees incurred in successfully defending against the lien foreclosure aspect of the proceeding. No cross appeal was filed.

## ISSUES AND STANDARD OF REVIEW

¶ 7 The issue before us is the scope and meaning of "successful party" in Utah Code Ann. § 38–1–18 (1997). "Whether attorney fees are recoverable in an action is a question of law [that] we review for correctness." *Whipple I*, 1999 UT App at ¶ 11. "Matters of statutory construction are questions of law that are reviewed for correctness." *Platts v. Parents Helping Parents*, 947 P.2d 658, 661 (Utah 1997).

¶ 8 Courts generally review a trial judge's decision on the amount of attorney fees for abuse of discretion. *See, e.g., Dixie State Bank v. Bracken*, 764 P.2d 985, 988 (Utah 1988). In most decisions dealing with fee awards, "appellate deference is owed to the trial judge who actually presided over the proceeding and has first-hand familiarity with the litigation." *Utah Dep't of Soc. Servs. v. Adams*, 806 P.2d 1193, 1197 (Utah Ct.App.1991).

## ANALYSIS

¶ 9 The Utah mechanics' lien statute provides: "in any action brought to enforce any lien under this chapter the successful party shall be entitled to recover a reasonable attorneys' fee, to be fixed by the court, which shall be taxed as costs in the action." Utah Code Ann. § 38–1–18 (1997). A successful party includes, but is not limited to, one who successfully enforces or defends against a lien action. *See Reeves v. Steinfeldt*, 915 P.2d 1073, 1079 (Utah Ct.App. 1996); *Palombi v. D & C Builders*, 22 Utah 2d 297, 452 P.2d 325, 327–28 (1969).

¶ 10 Aspen argues that the terms "successful party" and "prevailing party," as used in the statute and Utah case law do not have the same meaning and that success "is determined solely by whether or not the party asserting the right to enforce the lien was successful."

¶ 11 The terms "prevailing party" and "successful party" are often used synonymously. *See Cobabe v. Crawford,* 780 P.2d 834, 835 n. 1 (Utah Ct.App.1989). Black's Law Dictionary defines the term "prevailing party" as: "A party in whose favor a judgment is rendered, regardless of the amount of damages awarded (in certain cases, the court will award attorney[] fees to the prevailing party). Also termed *successful party.*" Black's Law Dictionary 1145 (7th ed.1999). Black's defines a "successful party" as follows: "See *prevailing party.*" *Id.* Perhaps the most compelling example of synonymous usage is our decision in *Whipple I,* where, referring to the "successful party" language of section 38–1–18, we consistently substituted the words "prevailing party" in our analysis. *Whipple I,* 1999 UT App at ¶¶ 31, 40; *see also Reeves,* 915 P.2d at 1079 (holding a *successful party* includes one who successfully enforces or defends against a lien action); *J.V. Hatch Constr., Inc. v. Kampros,* 971 P.2d 8, 15 (Utah Ct.App.1998) ("[A] lien claimant's prima facie evidence establishing its right to attorney fees is met by showing that it is the *prevailing party* in the mechanics['] lien cause of action.").

¶ 12 Further, our courts have addressed methodologies for determining which party or parties, perhaps among multiple parties or claims, occupy prevailing party status in various contexts. *See, e.g., Reeves,* 915 P.2d at 1079; *Mountain States Broad. Co. v. Neale,* 783 P.2d 551 (Utah Ct.App.1989). Indeed, "[c]ourts have, in extraordinary situations, declined to award attorney fees to a prevailing party in spite of an enforceable contractual provision." *Crawford,* 780 P.2d at 836 n. 3. Finally, application of our "prevailing party" jurisprudence to section 38–1–18 does not detract from its objective. Under the circumstances presented here, we see no reason why the terms "successful party" and "prevailing party" should not be used synonymously when determining entitlement to attorney fees under section 38–1–18.

¶ 13 In so ruling, we do not suggest that whether a claim is ultimately determined to be enforceable under the provisions of section 38–1–18 is not a factor to be considered in determining which party or parties prevail or are successful.

¶ 14 In *Mountain States,* both parties challenged the trial court's award granting both sides their attorney fees. This court, upon review, determined that even though plaintiff had obtained an offset in its favor, defendant was clearly the prevailing party. The court then noted that:

Typically, determining the "prevailing party" for purposes of awarding fees and costs is quite simple. Plaintiff sues defendant for money damages; if plaintiff is awarded a judgment, plaintiff has prevailed, and if defendant successfully defends and avoids an adverse judgment, defendant has prevailed. However, this simple analysis cannot be employed here because both plaintiff and defendant obtained some monetary relief against the other. Our review of the relevant case law convinces us that under the provision at issue, there can be only one prevailing party even though both plaintiff and defendant are awarded money damages on claims arising from the same transaction.

*Mountain States,* 783 P.2d at 555–56 (footnotes omitted).

¶ 15 In *Occidental/Nebraska Fed. Sav. Bank v. Mehr,* 791 P.2d 217 (Utah Ct.App. 1990), this court noted that the *Mountain States* court had rejected a "blanket adoption of the 'net judgment' rule except as a good starting point in making determinations of which party prevailed." *Id.* at 221. The *Occidental* court also noted that *Mountain States* recognized " 'the need for a flexible and reasoned approach to deciding in particular cases who actually is the prevailing party.' " *Occidental,* 791 P.2d at 221. (citation omitted).

¶ 16 The plaintiffs in *Occidental* claimed a balance due of over $600,000.00 resulting from a trustee sale. *See id.* The defendants asserted that the sale was valid but stipu-

lated to a $7,300.00 deficiency notwithstanding the sale. *See id.* As a result, plaintiffs obtained a judgment of approximately $7,300.00 and argued that they should therefore be deemed the prevailing party and thus be entitled to attorney fees. Defendants argued that they should be the prevailing party because they had successfully defended against plaintiffs claim for $600,000.00, and the court agreed. *See id.* at 222. Using a "flexible and reasoned approach" the court determined that, regardless of having prevailed on this issue, obtaining a judgment for a small fraction of the amount sought was not enough to warrant a recovery of attorney fees. *Id.*

¶ 17 In the case at hand, the trial court applied this line of reasoning and made its determination based upon the following calculations:

The [c]ourt now turns to the Thayne's canyon property. As to the contract claims only, the [c]ourt at trial awarded plaintiff $32,646.00, which included the following:

| | | |
|---|---|---|
| 1. | Water and sewer laterals from curb to house | $ 3,200.00 |
| 2. | Plumbing ($14,158.00 less $2,000.00 for offset) | $12,158.00 |
| 3. | Gas line | $ 1,015.00 |
| 4. | Backhoe | $ 100.00 |
| 5. | Water and sewer laterals from the street to curb | $ 7,000.00 |
| 6. | HVAC $12,265.00 contract price less $3,092.00 to finish | $ 9,173.00 |
| | TOTAL: | $32,646.00 |
| | AMOUNT PAID BY DEFENDANTS: | − $17,000.00 |
| | Offset for damages on deficient work | − $ 7,000.00 |
| | TOTAL: | $ 8,646.00 |
| | Less contract price per Court of Appeals | − $ 9,173.00 |
| | GRAND TOTAL: | ($ 527.00) |

Under a strict application of the "Net Recovery Rule" defendant would be the prevailing party on the Thayne's canyon property.

¶ 18 The facts and circumstances surrounding a determination of prevailing party status vary widely. Because of those vari-

ances, we believe it entirely appropriate, when adequately supported by the facts, to conclude, as the trial court did here, that there is no prevailing party.

█ ¶ 19 This case, like *Occidental,* dealt with sums far in excess of Aspen's recovery of only $527.00. A key part of the flexible approach to deciding who actually is the prevailing party is common sense. This includes looking at the amounts actually sought and then balancing them proportionally with what was recovered. *See Stichting Mayflower v. Newpark Res.,* 917 F.2d 1239, 1248 n. 9 (10th Cir.1990) ("[W]e think the district court should attempt to weigh the relative success of the parties['] ... claims if it can find a reasoned basis for doing so.").

¶ 20 Regarding the Thayne's Canyon Property, the facts are undisputed. Whipple sought roughly $13,000.00 (allowing for the $17,000.00 already paid), and Aspen was claiming $25,000.00 in damages for negligence by Whipple. The court determined that "where the net recovery is only $527.00, ... this is essentially a 'draw,'" in effect, determining there was no prevailing party. In making this determination the court looked to the language in *Occidental,* and noted that "[c]ourts in our state have acknowledged that the 'net recovery rule' is essentially a starting point and need not be applied strictly under all circumstances." 791 P.2d at 221. In addition, the trial court weighed the relative success of the parties' claims, reasoning: 1) Aspen had barely prevailed in the lien foreclosure action involving the Thayne's Canyon property; 2) Aspen "prevailed on an essentially legal issue;" and 3) Aspen "should have allocated attorney fees [between] the mechanics['] lien claim of [Whipple] and the time expended litigating the Licensure issues but has failed to do so."

## CONCLUSION

¶ 21 We hold that, for the purpose of obtaining entitlement to attorney fees under the provisions of section 38–1–18, the term "successful party" therein is synonymous with the term "prevailing party." Accordingly, the trial court correctly applied "prevailing party" analysis to the undisputed facts of

this case and appropriately determined that there was no "prevailing party." Therefore, we affirm the trial court's determination that neither party was entitled to an award of attorney fees on the Thayne's Canyon claim.

¶22 WE CONCUR: RUSSELL W. BENCH, Judge, and GREGORY K. ORME, Judge.