2003 UT App 375

**J. POCHYNOK COMPANY, INC., a corporation, Plaintiff and Appellant,**

v.

**Gregory SMEDSRUD; Louann Smedsrud; Butterfield Lumber, Inc., a corporation; Pella Products, Inc., a corporation; et al., Defendants and Appellees.**

No. 20020940–CA.

Court of Appeals of Utah.

Nov. 6, 2003.

Brett D. Cragun, Ray G. Martineau, and Anthony R. Martineau, Salt Lake City, for Appellant.

Vincent C. Rampton and Ross I. Romero, Jones Waldo Holbrook & McDonough, Salt Lake City, for Appellees.

Before JACKSON, P.J., BILLINGS, Associate P.J. and GREENWOOD, J.

## OPINION

BILLINGS, Associate Presiding Judge:

¶ 1 Pochynok Company, Inc. (Pochynok) appeals the trial court's posttrial order awarding costs and attorney fees to Gregory and Louann Smedsrud (the Smedsruds) and upholding garnishment of Pochynok's account at Zions First National Bank over its objections. We affirm.

## BACKGROUND

¶ 2 In August 1998, Pochynok and the Smedsruds entered into a construction contract wherein Pochynok agreed to build a residence for the Smedsruds in Summit County and in return the Smedsruds agreed to pay Pochynok for his services as a general contractor. On January 13, 2000, Pochynok filed a complaint against the Smedsruds alleging breach of contract arising from the Smedsruds' failure to pay $81,269.91 for services rendered. Pursuant to the Utah mechanics' liens statute,[1] Pochynok sought to foreclose a mechanics' lien on the Smedsruds' Summit County property to recover the unpaid amounts. The Smedsruds counterclaimed for breach of the same construction contract alleging defective workmanship, delay damages, and failure to supervise. On May 9, 2002, pursuant to rule 68 of the Utah Rules of Civil Procedure and Utah Code Annotated section 38–1–18(3) (2001),[2] the

---

1. *See* Utah Code Ann. §§ 38–1–1 to 29 (2001 & Supp.2003).

2. In 2001, the Utah Legislature amended Utah's mechanics' liens statute to include a provision

Smedsruds submitted an offer of judgment in the amount of $40,000, which Pochynok did not accept. A jury trial ensued in late-May 2002. At the conclusion of trial, the jury rendered a verdict awarding $7,076.56 to Pochynok.[3]

¶ 3 Thereafter, both Pochynok and the Smedsruds filed posttrial motions claiming to be the "successful party" for purposes of the mechanics' liens statute, and requesting costs and attorney fees. In addition, the Smedsruds asserted that under section 38–1–18(3), they were entitled to costs and attorney fees incurred after May 9, 2002, because Pochynok did not accept the Smedsruds' offer of judgment, which was more favorable than the subsequent jury award for Pochynok.

¶ 4 The trial court determined the Smedsruds were the successful party under the mechanics' liens statute, and accordingly granted the Smedsruds' motion to tax costs and attorney fees to Pochynok. Concurrently, the trial court ordered Pochynok to pay the Smedsruds $49,990.04 in costs and attorney fees incurred prior to May 9, 2002, and $34,046.50 in costs and attorney fees incurred after May 9, 2002, for a total award of $84,036.54.

## ISSUES AND STANDARDS OF REVIEW

¶ 5 First, Pochynok claims the trial court erred in determining the Smedsruds were the "successful party" under the amended mechanics' liens statute. Utah Code Ann. § 38–1–18(1) (2001). "We ... review the trial court's determination as to who was the prevailing party under an abuse of discretion standard." *R.T. Nielson Co. v. Cook,* 2002 UT 11,¶ 25, 40 P.3d 1119. Pochynok also asserts the trial court erred in giving retroactive effect to subsection 3 of Utah's mechanics' liens statute. *See* Utah Code Ann. § 38–1–18(3). " 'Whether a[n amended] statute operates retroactively is a question of law, which we review for correctness without deference to the [trial] court.' "

governing offers of judgment in mechanics' lien disputes. *See* Utah Code Ann. § 38–1–18(3) (2001). The amendment became effective on April 30, 2001, after Pochynok filed its complaint, but before the Smedsruds filed their May 9, 2002 offer of judgment. *See id.* (Amendment Notes).

*State Dep't of Human Servs. v. Jacoby,* 1999 UT App 52,¶ 7, 975 P.2d 939 (quoting *Evans & Sutherland Computer Corp. v. State Tax Comm'n,* 953 P.2d 435, 437 (Utah 1997)).

¶ 6 Finally, Pochynok claims the trial court erred in finding Pochynok's business account funds were not exempt from garnishment. *See* Utah R. Civ. P. 64D(h)(iii). "Appellate review [of factual findings] is highly deferential, requiring reversal only if a finding is clearly erroneous." *Drake v. State Indus. Comm'n,* 939 P.2d 177, 181 (Utah 1997).

## ANALYSIS

I. "Successful Party" Under Section 38–1–18(1) of the Mechanics' Liens Statute

¶ 7 As the sole beneficiary of the jury verdict of $7,076.56, Pochynok claims to be the successful party under Utah Code Annotated section 38–1–18(1) (2001). Hence, Pochynok argues the trial court erred in awarding costs and attorney fees to the Smedsruds. Subsection 1 of the mechanics' liens statute provides that "in any action brought to enforce any lien under this chapter the successful party shall be entitled to recover a reasonable attorneys' fee, to be fixed by the court, which shall be taxed as costs in the action." Utah Code Ann. § 38–1–18(1).

¶ 8 Utah courts describe a "successful party" under the mechanics' liens statute as the "party in whose favor a judgment is rendered ... the 'prevailing party.' " *A.K. & R. Whipple Plumbing & Heating v. Guy,* 2002 UT App 73,¶ 11, 47 P.3d 92 (*Whipple II* ) (quoting Black's Law Dictionary 1145 (7th ed.1999)), *cert. granted,* 2002 Utah LEXIS 187, 59 P.3d 603. However, the successful or prevailing party "may [be] the party who defended against the lien." *Bailey–Allen Co., Inc. v. Kurzet,* 876 P.2d 421, 428 (Utah Ct.App.1994) (citing *Palombi v. D & C Build-*

**3.** The verdict form does not indicate what damages, if any, were awarded to the Smedsruds to offset Pochynock's claimed damages of $81,269.91.

*ers,* 22 Utah 2d 297, 452 P.2d 325, 327–28 (1969)); *see also Whipple II,* 2002 UT App 73 at ¶ 9, 47 P.3d 92 ("A successful party includes, but is not limited to, one who successfully enforces or defends against a lien action.").

¶ 9 Utah appellate courts "have addressed [various] methodologies for determining which party or parties . . . occupy prevailing party status" under the circumstances of a particular case. *Whipple II,* 2002 UT App 73 at ¶ 12, 47 P.3d 92. Citing to *Whipple II,* Pochynok contends that the trial court should have employed a "net recovery" or "net judgment" analysis to determine the successful party in this case. Pochynok misconstrues our reasoning in *Whipple II* and ignores our holding in that case. The facts underlying *Whipple II* are detailed in *A.K. & R. Whipple Plumbing & Heating v. Aspen Constr.,* 1999 UT App 87, 977 P.2d 518 (*Whipple I*). The case involved a plaintiff subcontractor who obtained a trial judgment for $3,943.00 and an order allowing foreclosure on three mechanics' liens against the defendant general contractor. *See id.* at ¶ 1, 977 P.2d 518. Determining the plaintiff was the successful party under the mechanics' liens statute, the trial court awarded the plaintiff $7,500.00 in attorney fees. *See id.* at ¶ 9, 977 P.2d 518.

¶ 10 On appeal however, we vacated a portion of the trial court's order because the plaintiff was not properly licensed to perform some of the work for which it obtained judgment. *See id.* at ¶¶ 12, 21, 977 P.2d 518. In light of our disposition of the judgment, we also remanded the attorney fees issue "for a redetermination of the prevailing party and a proper allocation of attorney fees to that party." *Id.* at ¶ 40, 977 P.2d 518.

¶ 11 On remand, the trial court denied the plaintiff's claim for foreclosure on the mechanics' lien relating to the work the plaintiff was not licensed to complete. *See Whipple II,* 2002 UT App 73 at ¶ 5, 47 P.3d 92. Based on the plaintiff's resulting net recovery, the trial court determined that the "outcome was essentially a 'draw'" and concluded neither party prevailed for purposes of awarding attorney fees under the mechanics' liens statute. *Id.*

¶ 12 On appeal for the second time, the defendant argued that because the trial court's calculations on remand resulted in a $527.00 net recovery for the defendant, the trial court should have awarded the defendant attorney fees as the successful party under the mechanics' liens statute. *See id.* at ¶¶ 5–6, 47 P.3d 92. Like Pochynok, the defendant argued the trial court's successful party determination should have been wholly based on a net recovery analysis. *See id.* at ¶ 10, 47 P.3d 92. This court was not persuaded. Noting that "[t]he facts and circumstances surrounding a determination of prevailing party status vary widely," we declared "the 'net recovery rule' is [merely] a starting point and need not be applied strictly" to every prevailing party determination. *Id.* at ¶¶ 18, 20, 47 P.3d 92. We directed Utah courts to employ " 'a flexible and reasoned approach to deciding in particular cases who actually is the prevailing party.' " *Id.* at ¶ 15, 47 P.3d 92 (quoting *Occidental/Nebraska Fed. Sav. Bank v. Mehr,* 791 P.2d 217, 221 (Utah Ct.App.1990)). Furthermore, "[a] key part of the flexible approach" involves using "common sense" to "look[ ] at the amounts actually sought and then balanc[e] them proportionally with what was recovered." *Id.* at ¶ 19, 791 P.2d 217. On this reasoning we affirmed the trial court's determination that neither party was the successful party under the mechanics' liens statute. *See id.* at ¶ 21, 791 P.2d 217.

¶ 13 Two other Utah cases, neither decided under the mechanics' liens statute, are instructive. In *Mountain States Broadcasting Company v. Neale,* 783 P.2d 551 (Utah Ct. App.1989), we applied the net judgment rule to determine that a party who obtained an $85,000 net recovery—about 60% of the amount sought—was the successful party for purposes of a contractual fee shifting provision. *See id.* at 556, 558. However, we cautioned that when making a successful party determination, a trial court should only apply the net judgment rule when doing so "does not distort the relative success of the parties at trial." *Id.* at 558. We further cautioned that "nothing in our opinion should be taken to suggest that the net judgment rule can be mechanically applied in all cases."

*Id.* at 557. In some cases, we held, the net judgment rule is merely "a good starting point" in a much more "flexible and reasoned approach to deciding in particular cases who actually is *the* prevailing party," *id.* (quotations omitted), such as "where the ultimate award of money damages does not adequately represent the actual success of the parties under the peculiar posture of the case." *Id.* at 556 n. 7 (citing *Owen Jones & Sons, Inc. v. C.R. Lewis Co.*, 497 P.2d 312, 313–14 (Alaska 1972)).

¶ 14 In *Occidental/Nebraska Federal Savings Bank*, this court made a prevailing party determination in a case arising under Utah's real estate conveyances statute. *See id.* at 221–22 (citing Utah Code Ann. §§ 57–1–24, –32 (1974)). These statutes (1) empower a trust deed trustee to sell trust property if the trustor breaches a secured obligation and (2) award costs and attorney fees to the prevailing party in any action to recover the balance due upon the obligation for which the trust deed was given as security. *See id.* at 219, 221. In *Occidental/Nebraska Federal Savings Bank*, the plaintiff brought an action to recover a remaining balance of over $600,000. *See id.* at 222. The trial court awarded costs and attorney fees to the defendant as the prevailing party because the plaintiff recovered only about $7,300 of the $600,000 amount at trial. *See id.* On appeal, the plaintiff, like Pochynok, argued the trial court should have applied the net recovery rule and declared the plaintiff the prevailing party by virtue of the jury award in the plaintiff's favor. *See id.* at 222. Rejecting this argument, this court applied the " 'flexible and reasoned approach' " as outlined in the *Mountain States Broadcasting Company* case. *See Occidental/Nebraska Federal Savings Bank*, 791 P.2d at 221 (quoting *Mountain States Broadcasting Co.*, 783 P.2d at 556 n. 7). As such, we affirmed the trial court's determination that the defendant was the successful party where the defendant prevailed on the only contested issue at trial— the deficiency amount. *See id.* at 222.

¶ 15 We, like the trial judge in this case, are persuaded that an application of the net judgment rule in the case before us, "distort[s] the relative success of the parties at trial," *Mountain States Broadcasting Co.*, 783 P.2d at 558, and is therefore inappropriate. Instead, like the *Whipple II* court, we apply a flexible and reasoned approach. *See Whipple II*, 2002 UT App 73,¶¶ 19, 21, 47 P.3d 92. Furthermore, because prevailing party status "depends, to a large measure, on the context of each case, . . . the trial court is in a better position than we are as an appellate court to decide which party is the prevailing party." *R.T. Nielson Co. v. Cook*, 2002 UT 11,¶ 25, 40 P.3d 1119.

¶ 16 Pochynok initially sought to recover over $80,000 from the Smedsruds. At trial, a jury determined that Pochynok's claim was only worth $7,076.56. Thereupon, the trial court properly recognized that Pochynok's action, against which the Smedsruds had no choice but to defend, only produced a net recovery of approximately 10% of the amount Pochynok initially sought.

¶ 17 Here, the jury's verdict form does not provide precise calculations of offsets the jury may have made for the Smedsruds' counterclaims for faulty workmanship, delay damages, and improper supervision. However, from the verdict, the trial court could have reasonably inferred such offsets by simply subtracting the jury's verdict of $7,076.56 from the $81,269.91 that Pochynok sought to recover in the lien enforcement action. The trial court could have reasonably concluded that the jury in fact found in favor of the Smedsruds on their counterclaims and offset these damages in the amount of $74,193.35 from Pochynok's initial claim.

¶ 18 Furthermore, the mechanics' liens statute was amended in 2001 to specify the prevailing party where a proper offer of settlement is made. *See* Utah Code Ann. § 39–1–18(3) (2001) (Amendment Notes). An examination of the effects of subsection 3 is relevant to determining who is a successful party under section 38–1–18(1). The legislative history of subsection 3 indicates as much. Under the title, "Penalty for Wrongful Mechanics Lien," Senate Bill 167 proposed amendments to three sections of the Utah Code: sections 38–1–18, –25; and section 58–55–501, in an effort to curb wrongful, outrageous, and fraudulent lien claims. *See* S.B. 167, 2001 Leg., 53d Sess. (Utah 2001).

A note, proposing the amendment adding subsection 3 and speaking to the bill's intent, is instructive.

> In my view, the primary inequity in the mechanic's [sic] lien law as it currently operates is that a party can assert a claim for much more than he or she is legitimately owed forcing a defendant to litigate the claim, and yet still be entitled to attorney[ ] fees as the "prevailing party" even if the lien claimant only recovers a fraction of what was originally claimed.

¶ 19 While the note envisions a simple definition of successful party, it is clear the intent of the amendment is to discourage outrageous lien claims and to encourage the settlement of lawsuits which are of minor financial value. Thus, we think the trial court's consideration of the refused offer of judgment in this case was appropriate in its successful party determination.

¶ 20 Given the potential for a distorted determination of the relative success of the parties by application of the net judgment rule to the facts of this case, we conclude the trial court wisely applied a more flexible and reasoned approach to its successful party determination. Thus, we conclude the trial court did not abuse its discretion in finding

the Smedsruds were the successful party under the mechanics' liens statute and affirm the trial court's award of $84,036.54 in attorney fees and costs.[4]

## II. Garnishment

¶ 21 Pochynok also argues the trial court erred in finding the funds in Pochynok's company business bank account were not exempt from garnishment by the Smedsruds where Pochynok claimed the funds did not belong to Pochynok.[5] In Utah, there is a rebuttable presumption that the funds in a bank account belong to the account owner. *See Peterson v. Peterson,* 571 P.2d 1360, 1362 (Utah 1977). Hence, to avoid garnishment, a garnishee account owner must show by clear and convincing evidence that the funds belong to someone else. *See id.* The record reflects that Pochynok requested a hearing to claim an exemption to garnishment pursuant to Utah Rule of Civil Procedure 64(D)(h). However, the record also reveals that prior to and during the hearing, Pochynok failed to present any evidence to the trial court in support of its claim of exemption. With no competent evidence to counter the Smedsruds' position, the trial court did not clearly err in finding the funds were subject to garnishment.[6]

---

4. Although we need not reach the issue, we would hold that Utah Code Annotated section 38–1–18(3) (2001), which was enacted after Pochynok filed its complaint in this matter, is procedural and thus applies in this case. Therefore, the Smedsruds alternatively could recover attorney fees from the date of their offer of judgment under subsection 3. Subsection 3 provides:

> A party against whom any action is brought to enforce a [mechanics'] lien ... may make an offer of judgment pursuant to [r]ule 68 of the Utah Rules of Civil Procedure [and i]f the offer is not accepted and the judgment finally obtained by the offeree is not more favorable than the offer, the offeree shall pay the costs and attorney[ ] fees incurred by the offeror after the offer was made.

*Id.* § 38–1–18(3).

To determine whether an amendment is substantive or procedural, we must examine whether or not the amendment "establishes a primary right and duty which was not in existence at the time [the claim] arose." *Johansen v. Johansen,* 2002 UT App 75,¶ 5, 45 P.3d 520 (alteration in original) (quotations and citations omitted).

Under the prior version of the statute, trial courts were already vested with discretion to award costs and attorney fees to one party or the other (i.e., the successful party) depending on the

outcome of the dispute. *See* Utah Code Ann. § 38–1–18 (1997). Thus the amendment merely "provid[es] a different mode or form of procedure" for courts to employ in enforcing previously existing substantive rights and duties. *Pilcher v. Department of Soc. Servs.,* 663 P.2d 450, 455 (Utah 1983) (deeming a child support enforcement statute procedural and giving it retroactive effect even though it was enacted ten years after the support order); *see* Utah Code Ann. § 38–1–18(3) (2001). Authority from other jurisdictions supports a conclusion that attorney fee awards are procedural and can be applied retroactively. *See McCormack v. Town of Granite,* 913 P.2d 282, 285 (Okla.1996); *Vloedman v. Cornell,* 161 Or. App. 396, 984 P.2d 906, 909 (1999).

5. Pochynok utterly failed to marshal the evidence in challenging the trial court's factual findings. *See West Valley City v. Majestic Inv. Co.,* 818 P.2d 1311, 1315 (Utah Ct.App.1991). For efficiency, we reach the merits of the claim notwithstanding.

6. Pochynok argues that the parties put on proof by proffer. However, even given the proffers made, we conclude the trial court did not err. Pochynok's argument that the funds in the ac-

CONCLUSION

¶ 22 We conclude that the trial court did not err in determining the Smedsruds were the successful party under the mechanics' liens statute and awarding the Smedsruds attorney fees and costs. We also conclude the court did not err in determining the funds in Pochynok's company bank account were subject to garnishment by the Smedsruds. We affirm the trial court's award of costs and attorney fees to the Smedsruds and the garnishment of Pochynok's company account.

¶ 23 WE CONCUR: NORMAN H. JACKSON, Presiding Judge, PAMELA T. GREENWOOD, Judge.

count were not subject to garnishment because those monies were intended to be used to pay subcontractors on other projects is without merit. The funds, once in Pochynok's account, were owned by Pochynok. Thus, the decision to pay subcontractors with those funds, or to use the money elsewhere, was solely in the discretion of Pochynok. Under these facts no constructive trust arises. *See Parks v. Zions First Nat'l Bank*, 673 P.2d 590, 599 (Utah 1983) ("Constructive trusts include all those instances in which a trust is raised ... for the purpose of working out justice in the most efficient manner, where there is no intention of the parties to create such a relation, and in most cases contrary to the intention of the one holding the legal title ....").