2007 UT App 88

**J. POCHYNOK COMPANY, INC.,
a corporation, Plaintiff and
Appellant,**

v.

**Gregory SMEDSRUD and Louann
Smedsrud, Defendants and
Appellees.**

No. 20060308–CA.

Court of Appeals of Utah.

March 15, 2007.

Brett D. Cragun, Anthony R. Martineau, and Ray G. Martineau, Law Offices of Ray G. Martineau, Salt Lake City, for Appellant.

Vincent C. Rampton and Ross I. Romero, Jones Waldo Holbrook & McDonough, Salt Lake City, for Appellees.

Before BENCH, P.J., GREENWOOD, Associate P.J., and BILLINGS, J.

## OPINION

BILLINGS, Judge:

¶ 1 J. Pochynok Co., Inc. (Pochynok) appeals the trial court's award of costs and attorney fees to Gregory and Louann Smedsrud (the Smedsruds). Specifically, Pochynok claims that the trial court erred in entering its findings of fact and conclusions of law regarding costs and attorney fees because the court did not have sufficient information to determine that the Smedsruds were the successful party at trial and therefore entitled to costs and attorney fees. We affirm.

## BACKGROUND

¶ 2 In 1998, the Smedsruds hired Pochynok as the general contractor in charge of constructing their personal residence in Summit County, Utah. In the fall of 1999, the Smedsruds fell behind in payments to Pochynok. In response, Pochynok brought suit against the Smedsruds seeking to recover damages for breach of construction contract and to foreclose an approximately $74,000 mechanics' lien asserted against the Smedsruds' residence. The Smedsruds counterclaimed seeking damages for breach of the same construction contract, including damages for unearned supervisor fees, defective workmanship, and delay.

¶ 3 The matter was set for a jury trial commencing May 21, 2002. On May 9, 2002, the Smedsruds presented Pochynok with an offer of judgment in the amount of $40,000, including costs and attorney fees. Pochynok declined the offer, and the case proceeded to trial. At trial, Pochynok asserted a claim for $81,269.91, not including costs and attorney fees. The Smedsruds claimed an unspecified amount of offsets and damages. The jury returned a verdict in favor of Pochynok, awarding $7,076.56.

¶ 4 Pochynok and the Smedsruds, each claiming that they were the successful party in the lien foreclosure action, filed post-trial motions seeking costs and attorney fees pursuant to Utah Code section 38–1–18. *See* Utah Code Ann. § 38–1–18 (2005). The trial court ruled that the Smedsruds were the successful party and therefore were entitled to recover all of their costs and attorney fees. The Smedsruds subsequently garnished $37,585 from Pochynok, and the trial court upheld the garnishment over Pochynok's objection.

¶ 5 Pochynok sought appellate review of the trial court's decision to award the Smedsruds costs and attorney fees as the successful party. This court affirmed the trial court's decision. *See J. Pochynok Co. v. Smedsrud,* 2003 UT App 375, ¶ 22, 80 P.3d 563 (*Pochynok I* ). Pochynok appealed our decision to the Utah Supreme Court. The supreme court reversed and remanded, directing this court "to remand to the trial court for a factual determination of awards and offsets, followed by a ruling on who is the successful party under Utah Code section 38–1–18(1) and whether an award of attorney fees under Utah Code section 38–1–18(3) is proper." *J. Pochynok Co. v. Smedsrud,* 2005 UT 39, ¶ 24, 116 P.3d 353 (*Pochynok II* ). The trial court's factual findings were to be consistent with those findings "likely considered and made by the jury." *Id.* at ¶ 13.

¶ 6 On remand to the trial court, Pochynok filed a motion to reinstate the mechanics' lien and a motion to set aside garnishment. The trial court refused to reinstate the mechanics' lien and took the garnishment issue under advisement. The trial court also directed the

parties to file proposed findings of fact and conclusions of law concerning costs and attorney fees. After reviewing the parties' proposed findings and conclusions, the trial court found "those submitted by [the Smedsruds] accurately reflect[ed] the persuasive and credible evidence adduced at trial." Accordingly, the trial court entered the Smedsruds' proposed findings and conclusions as its own findings of fact and conclusions of law regarding costs and attorney fees and awarded costs and attorney fees to the Smedsruds. Pochynok appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 7 On appeal, Pochynok asserts that the trial court erred when it entered its findings of fact and conclusions of law regarding costs and attorney fees because the trial court did not have sufficient information to properly determine which party was the successful party for purposes of awarding costs and attorney fees. "Whether the trial court properly complied, on remand, with [the appellate court's] decision ... is a question of law which we review for correctness." *Slattery v. Covey & Co.*, 909 P.2d 925, 927 (Utah Ct.App.1995). However, "[w]hich party is the prevailing party ... depends, to a large measure, on the context of each case, and, therefore, it is appropriate to leave this determination to the sound discretion of the trial court." *R.T. Nielson Co. v. Cook*, 2002 UT 11, ¶ 25, 40 P.3d 1119. Accordingly, we will "review the trial court's determination as to who was the prevailing party under an abuse of discretion standard." *Id.*

## ANALYSIS

¶ 8 Utah Code section 38–1–18 provides that "in any action brought to enforce any [mechanics'] lien ... the successful party shall be entitled to recover a reasonable attorney[ ] fee, to be fixed by the court." Utah Code Ann. § 38–1–18(1). This section "expressly *requires* a court to award attorney fees to the successful party in any mechanic[s'] lien action." *Pochynok II*, 2005 UT 39 at ¶ 9, 116 P.3d 353 (emphasis added). In determining which party is the "successful party" under section 38–1–18, *see* Utah Code Ann. § 38–1–18(1), the Utah Supreme Court

has "upheld ... the trial court's use of the flexible and reasoned approach." *Pochynok II*, 2005 UT 39 at ¶ 9, 116 P.3d 353; *see also A.K. & R. Whipple Plumbing & Heating v. Guy*, 2004 UT 47, ¶¶ 31–32, 94 P.3d 270.

¶ 9 The flexible and reasoned approach was first outlined in *Mountain States Broad. Co. v. Neale*, 783 P.2d 551, 557 (Utah Ct.App. 1989), and *A.K. & R. Whipple Plumbing & Heating*, 2004 UT 47 at ¶ 26, 94 P.3d 270. Essentially, this approach emphasizes "the notion that courts should not ignore common sense when deciding which party prevailed." *Whipple*, 2004 UT 47 at ¶ 11, 94 P.3d 270.

¶ 10 In *Mountain States*, the trial court applied this approach by "first consider[ing] which party received a net judgment and then [addressing] two additional factors relevant to [the] determination of which party was successful." *Pochynok II*, 2005 UT 39, ¶ 11, 116 P.3d 353; *see also Mountain States*, 783 P.2d at 557–58. These two additional factors included consideration of "which party had attained a comparative victory" and "which party obtained a greater percentage of the amount originally claimed." *Pochynok II*, 2005 UT 39 at ¶ 11, 116 P.3d 353 (quotations and citation omitted); *see also Mountain States*, 783 P.2d at 558.

¶ 11 In *Whipple*, the supreme court also applied the flexible and reasoned approach, but determined that while it is likely a trial court applying this approach would use the two factors set forth in *Mountain States*, the trial court has "discretion to decide which additional common sense perspectives are most appropriate to consider." *Whipple*, 2004 UT 47 at ¶ 26, 94 P.3d 270. The *Whipple* court determined that the flexible and reasoned approach "requires not only consideration of the significance of the net judgment in the case, but also [requires] looking at the amounts actually sought and then balancing them proportionally with what was recovered." *Id.* at ¶ 26 (quotations and citation omitted); *see also Pochynok II*, 2005 UT 39 at ¶ 12, 116 P.3d 353.

¶ 12 On appeal, Pochynok argues that the trial court erred when it entered its findings of fact and conclusions of law regarding costs and attorney fees because the trial court did

not have sufficient evidence to make such findings. In *Pochynok II,* the Utah Supreme Court stated that "the nature of the flexible and reasoned approach ... requires more information about the jury award for the parties' particular claims than is available [here]." 2005 UT 39 at ¶ 11, 116 P.3d 353.[1] Still, the supreme court upheld the flexible and reasoned approach. *See id.* at ¶ 22. It determined that because the jury did not provide specific information regarding awards and offsets in its verdict, "[i]n order to apply the flexible and reasoned approach in this case ... the trial court should have made findings regarding the amounts sought and won by each party[, and] should then have conducted a common sense inquiry and balancing in regard to who was the successful party." *Id.* at ¶ 22. According to the supreme court, it was not necessarily error for the trial court to have " 'reasonably concluded that the jury in fact found in favor of the Smedsruds on their counterclaims' " and to have reasonably inferred offsets. *Id.* at ¶ 12 (quoting *Pochynok I,* 2003 UT App 375, ¶ 17, 80 P.3d 563). Instead, the problem was that there was "nothing in the record to indicate that the trial court actually made such inferences and conclusions." *Id.* The supreme court explicitly stated that its "difficulty [was] with the trial court's process, not necessarily the outcome." *Id.* at ¶ 13.

■ ¶ 13 Consistent with the supreme court's instruction, the trial court on remand entered findings of fact and conclusions of law regarding costs and attorney fees. According to the trial court, its findings and conclusions "accurately reflect the persuasive and credible evidence adduced at trial." The trial court found that Pochynok asserted a claim against the Smedsruds at trial in the amount of $81,269.91, exclusive of costs and attorney fees. The court also found that the Smedsruds "challenged the propriety of Pochynok's accounting and claim and asserted an offset claim of $40,050.49, together with accrued judgment interest." Therefore, according to the trial court, Pochynok "recovered only a small fraction of its original

claim, which was reduced by a factor even greater than the dollar amount of [the] Smedsruds' claimed offsets." The trial court then concluded that "the Smedsruds obtained a comparative victory, considering what total victory would have meant for each of the parties." *See Pochynok II,* 2005 UT 39 at ¶ 11, 116 P.3d 353; *see also Mountain States,* 783 P.2d at 558. We conclude that the trial court complied with the supreme court's direction on remand and did not err in its findings of fact and conclusions of law supporting its reasonable conclusion that the Smedsruds were the successful party at trial.

¶ 14 Notably, Pochynok asserts that the only way the trial court could reach a proper conclusion on this issue would be to set the case for a new trial using a special verdict form which fully and completely sets forth the relative awards and offsets found by the jury. However, if the supreme court determined that a new trial was the only way to determine which party was the successful party, it would have so directed the trial court in its remand. Instead, the supreme court remanded this case "for a factual determination of awards and offsets, followed by ruling on who is the successful party." *Pochynok II,* 2005 UT 39 at ¶ 24, 116 P.3d 353. According to the supreme court, the trial court's factual findings were to be consistent with those findings "likely considered and made by the jury." *Id.* at ¶ 13.

■ ¶ 15 Additionally, Pochynok asserts that the trial court erred when it declined to reinstate Pochynok's mechanics' lien and when it refused to set aside the garnishment of Pochynok's account. However, these issues were not before the trial court on remand and we therefore do not address them here.

¶ 16 Pochynok's original challenge to the garnishment of its account was unsuccessful before this court, *see Pochynok I,* 2003 UT App 375 at ¶ 21, 80 P.3d 563, and was not accepted for review under the Utah Supreme Court's writ of certiorari, *see Pochynok II,*

---

1. As an advisory note, we urge trial courts to avoid similar problems by using a special verdict form in jury trials involving mechanics' liens. A special verdict form would aid the trial court's successful party determination by providing "specific monetary figures," *J. Pochynok Co. v. Smedsrud,* 2005 UT 39, ¶ 11, 116 P.3d 353, for awards and offsets.

2005 UT 39, ¶ 1, 116 P.3d 353. The Utah Supreme Court remanded this case for one purpose—to have the trial court enter findings and conclusions assessing "the awards and offsets likely considered and made by the jury." *Id.* at ¶ 13. It did not instruct the trial court to order the costs and attorney fees returned; rather, it sought only more explicit findings of fact. *See id.* Therefore, because Pochynok's motion to reinstate the mechanics' lien and its motion to set aside garnishment were not properly before the trial court on remand, we do not address them on appeal.

## CONCLUSION

¶ 17 Based on the foregoing, we conclude that the trial court did not err when it entered its findings of fact and conclusions of law regarding costs and attorney fees and determined that the Smedsruds were the successful party entitled to costs and attorney fees. We therefore affirm.

¶ 18 WE CONCUR: RUSSELL W. BENCH, Presiding Judge and PAMELA T. GREENWOOD, Associate Presiding Judge.