2005 UT 39

**J. POCHYNOK COMPANY, INC.,** A Corporation, Plaintiff and Petitioner,

v.

**Gregory SMEDSRUD and LouAnn Smedsrud, Defendants and Respondents.**

No. 20040005.

Supreme Court of Utah.

June 24, 2005.

Ray G. Martineau, Anthony R. Martineau, Brett D. Cragun, Salt Lake City, for plaintiff.

Vincent C. Rampton, Ross I. Romero, Salt Lake City, for defendants.

DURHAM, Chief Justice:

¶ 1 This case concerns a mechanic's lien and suit for breach of contract brought by petitioner J. Pochynok Company (Pochynok) against respondents Gregory and LouAnn Smedsrud (the Smedsruds), who counterclaimed for breach of contract. We granted certiorari to consider (1) whether the court of appeals erred in upholding the trial court's determination that the Smedsruds were the "successful party" under Utah Code section 38–1–18(1) when the jury returned only a general verdict that did not indicate which party prevailed on which claims, and (2) whether Pochynok's potential award of attorney fees as the successful party should be taken into account under Utah Code section 38–1–18(3) when calculating whether the Smedsruds' offer of judgment was greater than the final judgment ultimately obtained by Pochynok. The trial court awarded the Smedsruds attorney fees under section 38–1–18(1) as the successful party and under section 38–1–18(3) because their offer of judgment was greater than the judgment finally obtained by Pochynok. The court of appeals affirmed. We reverse and remand.

## BACKGROUND

¶ 2 The Smedsruds hired Pochynok in August 1998 as the general contractor in charge of building their home in Summit County, Utah. In the fall of 1999, the Smedsruds fell behind in payments to Pochynok. In response, Pochynok filed a mechanic's lien for approximately $74,000 plus interest and attorney fees. Pochynok then brought suit against the Smedsruds to foreclose on the lien and for breach of contract. The Smedsruds counterclaimed, alleging that Pochynok had breached the contract through defective workmanship and delay in completing construction.

¶ 3 Twelve days before trial, the Smedsruds made an offer of judgment to Pochynok in the amount of $40,000 "in complete and final settlement of all claims," including "court costs and attorneys' fees." Pochynok rejected this offer, and the case proceeded to jury trial. At trial, Pochynok asserted a

claim for $81,269.91, not including costs and attorney fees. The Smedsruds, in turn, claimed an unspecified amount of offsets and damages for unearned supervisor fees and work defects and delays. At the conclusion of trial, the jury awarded Pochynok a verdict of $7076.56. The verdict form used by the jury gave no indication of whether, or by how much, the jury offset the Smedsruds' claims against Pochynok's claim.[1]

¶ 4 The Smedsruds filed a posttrial motion to recover costs and attorney fees in the amount of $84,036. In support of this motion, they argued that under the provisions of Utah Code section 38–1–18(3), they were entitled to recover attorney fees and costs incurred after the offer was made because their offer of judgment was greater than the judgment finally obtained by Pochynok. In addition, they argued that they were the "successful party" under Utah Code section 38–1–18(1) and were therefore entitled to all costs and attorney fees. Pochynok filed its own motion for an award of costs and attorney fees in the amount of $39,761, also arguing that it was the successful party under section 38–1–18(1).

¶ 5 Despite the jury's award of $7076.56 to Pochynok, the trial court ruled that the Smedsruds were the "successful party" for purposes of Utah Code section 38–1–18(1), denying Pochynok's motion and awarding the Smedsruds costs and attorney fees in the amount of $84,036.54. Other than general references to arguments made by the Smedsruds, the trial court's order contained no findings of fact or conclusions of law to explain its decision. In addition, the court made an explicit award to the Smedsruds for attorney fees incurred after the date of the offer of judgment, but it did not provide a detailed explanation of how section 31–1–18(3) operated in this case. Pochynok appealed.

¶ 6 The court of appeals upheld the trial court's award of costs and fees. *J. Pochynok*

*Co. v. Smedsrud*, 2003 UT App 375, ¶ 1, 80 P.3d 563. In doing so, it applied the "flexible and reasoned approach," later approved by this court in *A.K. & R. Whipple Plumbing & Heating v. Aspen Construction*, 2004 UT 47, ¶¶ 25–26, 94 P.3d 270, to conclude that the trial court properly determined the Smedsruds to be the successful party. *Pochynok*, 2003 UT App 375 at ¶ 15, 80 P.3d 563. The court of appeals noted that the jury's verdict did "not provide precise calculations of offsets the jury may have made for the Smedsruds' counterclaims" but that the trial court "could have reasonably inferred" that the jury awarded the Smedsruds $74,193.35 in offsets and could have concluded that the Smedsruds were the successful party on that basis. *Id.* at ¶ 17. The court of appeals did not reach a specific conclusion on how to apply section 38–1–18(3)'s offer of judgment rule, but approved the trial court's presumed consideration of the rejected offer of judgment in its successful party determination. *Id.* at ¶ 20.

¶ 7 On certiorari, Pochynok argues (1) that despite our recent decision in *Whipple*, the trial court and court of appeals should have employed the net judgment rule instead of the flexible and reasoned approach to determine the successful party; (2) that regardless of the rule used, neither the trial court nor the court of appeals could have properly determined that the Smedsruds were the successful party in this action because the jury verdict did not provide sufficient information to reach such a conclusion, making Pochynok, as the only party to receive an award, the successful party; and (3) that if Pochynok is determined to be the successful party and awarded costs and attorney fees pursuant to section 38–1–18(1), this post trial award should be considered part of "the judgment finally obtained" under section 38–1–18(3), preventing the Smedsruds from receiving postoffer costs and attorney fees pursuant to that section.[2]

---

1. The verdict form given to the jury allowed it to designate, on one line, the amount awarded Pochynok against the Smedsruds and, on the second line, the amount awarded to the Smedsruds against Pochynok. The jury wrote $7076.56 on the first line and left the second line blank.

2. We do not address the additional argument raised by Pochynok regarding whether delay damages can be used to offset a mechanic's lien. Pochynok cited no authority for this proposition, nor is it adequately briefed, and we therefore decline to address it. *See State v. Thomas*, 961 P.2d 299, 304 (Utah 1998).

## STANDARD OF REVIEW

¶ 8 "On certiorari, we review the decision of the court of appeals, not the decision of the trial court." *Hebertson v. Willowcreek Plaza*, 923 P.2d 1389, 1392 (Utah 1996) (internal quotation omitted). "When reviewing attorney fee decisions that involve questions of law, we review for correctness." *A.K. & R. Whipple Plumbing & Heating v. Aspen Constr.*, 2004 UT 47, ¶ 6, 94 P.3d 270. We use the same standard when construing statutes. *Id.*

## ANALYSIS

### I.  INTERPRETATION OF SECTION 38-1-18

#### A.  *Subsection (1): Successful Party Determination*

¶ 9 Utah law expressly requires a court to award attorney fees to the successful party in any mechanic's lien action. Utah Code Ann. § 38-1-18(1) (2001); *A.K. & R. Whipple Plumbing & Heating v. Aspen Constr.*, 2004 UT 47, ¶ 7, 94 P.3d 270. Section 38-1-18(1) provides that "in any action brought to enforce any lien under this chapter the successful party shall be entitled to recover a reasonable attorneys' fee, to be fixed by the court." Utah Code Ann. § 38-1-18(1). We most recently construed this statute in *Whipple*, 2004 UT 47, 94 P.3d 270. *Whipple*, much like the case now before us, involved a mechanics' lien foreclosure action and a counterclaim for damages. *Id.* at ¶ 2. Plaintiff Whipple filed a lien for $30,641, with defendant Aspen claiming an offset of $25,000 for Whipple's allegedly negligent work. *Id.* at ¶ 3. The trial court awarded Aspen $7000 in offsets and, "[a]fter calculating the consequences of the parties' respective wins and losses on their competing claims, . . . awarded a net judgment to Aspen in the amount of $527." *Id.* Employing the "flexible and reasoned approach" first outlined in *Mountain States Broadcasting Co. v. Neale*, 783 P.2d 551, 556-57 (Utah Ct.App. 1989) (mem. decision on pet. for reh'g), the trial court found that, where one party received such a small net recovery, the case was essentially a "draw," so neither party could be considered "successful" for purposes of section 38-1-18(1). *Whipple*, 2004 UT 47 at ¶ 4, 94 P.3d 270. We upheld both the trial court's use of the flexible and reasoned approach and its specific finding that there was no successful party. *Id.* at ¶¶ 31-32.

¶ 10 Here, Pochynok seeks to distinguish *Whipple* from the present case and urges us to hold that the net judgment rule and not the flexible and reasoned approach should apply in cases with general rather than specific jury verdicts. Under the net judgment rule, the party that receives the bigger judgment is the successful party. Since Pochynok received a net judgment of approximately $7000, it would be the successful party under this rule. Certainly it is more difficult—although not impossible—to apply the flexible and reasoned approach where, as here, the jury verdict does not specify who won what. However, it does not follow that the net judgment rule automatically applies in such a case. As we stated in *Whipple*, "rigid application of the net judgment rule can result in unreasonable awards of attorney fees," *id.* at ¶ 26, which "would deprive trial courts of their power to apply their discretion and common sense to this issue," *id.* at ¶ 25. As in *Whipple*, we decline to require such a rule here.

¶ 11 At the same time, it is clear that the nature of the flexible and reasoned approach outlined in *Mountain States* and *Whipple* requires more information about the jury award for the parties' particular claims than is available in this case. In *Mountain States*, the court of appeals first considered which party received a net judgment and then discussed two additional factors relevant to its determination of which party was successful. 783 P.2d at 558. First, it focused on which party had attained a "comparative victory," considering what total victory would have meant for each party and what a true draw would look like. *Id.* Second, it looked at which party obtained a greater percentage of the amount originally claimed. *Id.* Such an analysis in this case is impossible without more specific monetary figures.

¶ 12 Similarly, we stated in *Whipple* that "[the flexible and reasoned] approach requires . . . looking at the amounts actually

sought and then balancing them proportionally with what was recovered." 2004 UT 47 at ¶ 26, 94 P.3d 270 (internal quotation and citation omitted). In the present case, because the jury's verdict did not indicate specific awards and offsets, the trial court did not have the information necessary to undertake such a balancing. Nor did the court explain its reasoning in concluding that the Smedsruds were the successful party. The case before us is thus in contrast to *Whipple,* where we stated:

Although lacking in detail, the trial court's explanation of its rationale is adequate because it demonstrates that the court correctly considered common sense factors in addition to the net judgment. It is apparent from the trial court's reasoning that it believed Aspen's net recovery of only two percent (2%) of its claimed damages was insufficient to make it the "successful party."

*Id.* at ¶ 28. In upholding the trial court's determination of the successful party, the court of appeals inappropriately relied on conjecture, surmising that, despite the non-specific jury award, "the trial court could have reasonably inferred ... offsets" and "could have reasonably concluded that the jury in fact found in favor of the Smedsruds on their counterclaims and offset these damages." *J. Pochynok Co. v. Smedsrud,* 2003 UT App 375, ¶ 17, 80 P.3d 563. There is nothing in the record to indicate that the trial court actually made such inferences and conclusions.

¶ 13 Though this insufficiency of information requires that we direct the court of appeals to remand this case to the trial court for a determination of awards and offsets, it does not necessarily follow, as Pochynok contends, that Pochynok is the successful party. Our difficulty is with the trial court's process, not necessarily the outcome. After a determination of the awards and offsets likely considered and made by the jury, it is entirely possible that the trial court might once again conclude that the Smedsruds are the successful party.

### B. Subsection (3): Offer of Judgment

¶ 14 We now consider Pochynok's claims in regard to subsection (3) of the mechanic's lien attorney fees statute. Utah Code section 38–1–18(3) provides:

A party against whom any action is brought to enforce a lien under this chapter may make an offer of judgment pursuant to Rule 68 of the Utah Rules of Civil Procedure. If the offer is not accepted and the judgment finally obtained by the offeree is not more favorable than the offer, the offeree shall pay the costs and attorneys' fees incurred by the offeror after the offer was made.

Utah Code Ann. § 38–1–18(3) (2001). Pochynok argues that if it is held to be the successful party under Utah Code section 38–1–18(1), the resulting award of attorney fees against the Smedsruds should be included as part of the "final judgment obtained" pursuant to Utah Code section 38–1–18(3). In other words, Pochynok suggests that the determination of which party is successful under section 38–1–18(1) must be made before a court may determine under section 38–1–18(3) whether the judgment finally obtained is greater than the offer of judgment. The Smedsruds claim the opposite, arguing that an award of attorney fees under subsection (3) should be included in a determination of which party was successful for purposes of subsection (1). Subsection (3) was added to section 38–1–18 in 2001. Its operation in conjunction with subsection (1) is a matter of first impression in this court.

¶ 15 We look first to the plain language of a statute to determine its meaning. *Stephens v. Bonneville Travel,* 935 P.2d 518, 520 (Utah 1997). Only when there is ambiguity do we look further. *Id.* In addition, "statutory enactments are to be so construed as to render all parts thereof relevant and meaningful, and ... interpretations are to be avoided which render some part of a provision nonsensical or absurd." *Millett v. Clark Clinic Corp.,* 609 P.2d 934, 936 (Utah 1980).

¶ 16 In construing section 38–1–18(3), the court of appeals held that "the trial court's consideration of the refused offer of judgment in this case was appropriate in its successful party determination." *Pochynok,* 2003 UT App 375 at ¶ 19, 80 P.3d 563. Bypassing a consideration of the statute's plain

language, the court of appeals looked to the legislative history of subsection (3), noting that it was added to the statute in 2001 "in an effort to curb wrongful, outrageous, and fraudulent lien claims." *Id.* at ¶ 18 (citing ch. 257, 2001 Utah Laws 1202). As a result of this clear legislative policy, the court of appeals concluded that any award of attorney fees under subsection (3) should be considered in the determination of which party is successful under subsection one. *Id.* at ¶ 19. In further support of this conclusion, the court quoted a legislative note, stating:

> [T]he primary inequity in the mechanic's lien law as it currently operates is that a party can assert a claim for much more than he or she is legitimately owed forcing a defendant to litigate the claim, and yet still be entitled to attorney[ ] fees as the "prevailing party" even if the lien claimant only recovers a fraction of what was originally claimed.

*Id.* at ¶ 18.

¶ 17 While this statement may accurately reflect the policy behind section 38–1–18 in general and subsection (3) in particular, we do not agree with the analysis of the court of appeals to the extent that it overlooks important realities regarding offers of judgment. We thus hold that the "judgment finally obtained" language in Utah Code section 38–1–18(3) includes an award of attorney fees to the successful party under section 38–1–18(1). In other words, if the offer of judgment explicitly includes attorney fees,[3] and turns out to be greater than the offeree's jury verdict plus any attorney fees awarded to the offeree as the successful party under section 38–1–18(1), then subsection (3) requires the offeree to pay the offeror's costs and attorney fees incurred after the offer was made.

¶ 18 The plain language and structure of the statute support this interpretation of subsection (3). Subsection (3) was added to the end of the already-existing section 38–1–18,

suggesting it is an addition to, and not a starting point for, the required analysis under the statute. It also requires comparison of the offer of judgment to the "judgment *finally* obtained." Utah Code Ann. § 38–1–18(3) (emphasis added). This formulation implies a finality that cannot be reconciled with a judgment that has yet to include the ultimate "successful party" determination under subsection (1).

¶ 19 We recognize, however, that the plain language of subsection (3) does not entirely eliminate ambiguity regarding the correct order of operation of subsections (1) and (3). We therefore also consider legislative history and policy. *See Stephens*, 935 P.2d at 520. We conclude that including successful party attorney fees awarded under subsection (1) in the subsection (3) calculation does not interfere with the policy goals behind section 38–1–18. The preamble to the legislature's 2001 amendment indicates that the purpose of subsection (3) is to "provide[ ] for costs and attorneys' fees in cases where an offer of judgment is unreasonably rejected." Ch. 257, 2001 Utah Laws 1202. As the court of appeals pointed out, the legislature's goal in adding subsection (3) was to discourage unreasonable rejections of offers of judgment. *See supra* ¶ 16. Interpreting the "judgment finally obtained" under subsection (3) to include an award of attorney fees under subsection (1) does nothing to contravene that policy as long as the offer of judgment also included attorney fees. An offeree who rejects an offer of judgment that includes attorney fees and then receives a judgment, also including attorney fees, that is greater than the offer of judgment clearly has not acted unreasonably.

¶ 20 We are cognizant of the concern expressed in the legislative note attached to the 2001 amendment to section 38–1–18, which the court of appeals cited in support of its contrary interpretation of the statute's operation. However, that concern is largely re-

---

**3.** Although it has no bearing on the outcome of this case, we note that, under the current version of rule 68 of the Utah Rules of Civil Procedure, which governs offers of judgment under section 38–1–18(3), we would reach the same result unless the offer explicitly excluded attorney fees. The rule was amended in 2004 to specifically

require that, "[u]nless otherwise specified, an offer made under this rule ... is an offer to resolve all claims between the parties to the date of the offer, including costs, interest and, if attorney fees are permitted by law or contract, attorney fees." Utah R. Civ. P. 68(a).

solved through the use of the flexible and reasoned approach which, we concluded above, was proper to determine the successful party under subsection (1). Under this approach, a party that makes an outrageous claim and then receives only a fraction of what it demanded will not likely be deemed the successful party. This approach also prevents a party judged "successful" from being required to pay attorney fees under subsection (3). Although this can create something of a winner-takes-all situation when it comes to attorney fees, this tendency is effectively balanced by the use of the flexible and reasoned approach in determining successful party status so that no party can expect to be the successful party simply because it receives a dollar more than the other party. In fact, the flexible and reasoned approach was first adopted in order to avoid situations such as those mentioned in the legislative note, in which the difference of a sum as negligible as one dollar could entitle one party to an award of attorney fees. *Mountain States,* 783 P.2d at 557. This approach "ensures that only parties that are *genuinely* 'successful' according to the trial court's common sense logic will be able to extract their attorney fees from their opponents." *Whipple,* 2004 UT 47 at ¶ 25, 94 P.3d 270.

¶ 21 Finally, we construe statutes to ensure that there will be no absurd results, particularly in the interplay of subsections of a single statute. *See Millett,* 609 P.2d at 936. Interpreting subsection (3) to operate before subsection one would allow a party to manipulate section 38–1–18 so as to achieve an unfair award of attorney fees. Though there is no such allegation here, the present case illustrates this potential problem. The Smedsruds' $40,000 offer of judgment was made on the eve of trial, by which time each party had incurred substantial legal fees. The offer of $40,000 explicitly included attorney fees, but represented less than half the amount Pochynok was claiming as damages at trial. If we were to hold that the "judgment finally obtained" does not include award of attorney fees under subsection (1), a party defending against a lien could make an offer of judgment, including attorney fees, that is well below what is fair for both the lien and the attorney fees but that is higher than what the other party could hope to win at trial exclusive of attorney fees. An interpretation of section 38–1–18(3) that does not account for an award of attorney fees to the successful party under section 38–1–18(1) would too easily allow an offeror to benefit by making an unfair offer.

## CONCLUSION

¶ 22 We uphold the court of appeals' use of the flexible and reasoned approach in its review of the trial court's determination of the "successful party" for purposes of section 38–1–18(1). However, we conclude that the trial court could not have made this determination without specific information regarding the total amount the jury awarded to Pochynok and the total amount in offsets it awarded to the Smedsruds. *Mountain States* and *Whipple* clearly contemplate a balancing of awards and offsets as part of the flexible and reasoned approach. The jury did not provide this information in its verdict form. In order to apply the flexible and reasoned approach in this case, therefore, the trial court should have made findings regarding the amounts sought and won by each party. It should then have conducted a common sense inquiry and balancing in regard to who was the successful party. The trial court failed to do so here.

¶ 23 In addition, we reverse the court of appeals' construction of the interplay between subsections (1) and (3) of section 38–1–18. We hold that the determination of the "successful party" under subsection (1) should occur before the calculation required under subsection (3) and that any attorney fees awarded under subsection (1) should then be included in the subsection (3) calculation of whether any offer of judgment was greater than the judgment finally obtained at trial.

¶ 24 We remand this case to the court of appeals with instructions to remand to the trial court for a factual determination of awards and offsets, followed by a ruling on who is the successful party under Utah Code section 38–1–18(1) and whether an award of

attorney fees under Utah Code section 38–1–18(3) is proper.

¶ 25 Associate Chief Justice WILKINS, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Chief Justice DURHAM's opinion.