2005 UT App 347

**UTAHNS FOR BETTER DENTAL HEALTH–DAVIS, INC., a Utah nonprofit corporation, Plaintiff and Appellant,**

v.

**DAVIS COUNTY COMMISSION, Commissioner Dan R. McConkie, Commissioner Carol R. Page, Commissioner Michael J. Cragun, Davis County Clerk, and Steve S. Rawlings, Defendants and Appellees.**

**No. 20030940–CA.**

Court of Appeals of Utah.

Aug. 11, 2005.

Janet I. Jenson and David R. Irvine, Jenson & Stavros, Salt Lake City, for Appellant.

Melvin C. Wilson, Farmington, and David B. Thompson, Miller Vance & Thompson PC, Park City, for Appellees.

Before Judges BILLINGS, ORME, and THORNE.

## OPINION

THORNE, Judge:

¶1 Utahns for Better Dental Health–Davis, Inc. (UBDH) appeals the trial court's denial of their request for attorney fees pursuant to the private attorney general doctrine. We remand for additional findings.

## BACKGROUND

¶2 UBDH was organized to support efforts to fluoridate the water in Davis County for the purpose of promoting better dental health. In part due to UBDH's efforts, Davis County voters were presented with a fluoridation initiative in 2000, which was approved by a majority of the voters. In 2001, Davis County began implementing the voters' decision and ordered all operators of public water systems to add fluoride to their water supply beginning no later than May 2002. In July 2002, the County Clerk, Steve Rawlings, accepted a petition calling for another vote on the fluoridation issue. He determined that the petition had a sufficient number of verified signatures; consequently, he certified the petition as an initiative petition and forwarded it to the County Commission. The Commission allowed the petition to go on the ballot, without opposing commentary, and soon thereafter UBDH filed an action seeking a declaratory judgment that the petition—and its placement on the ballot—was unlawful and unconstitutional. UBDH also sought an order enjoining Davis County from placing the issue on the ballot.

¶3 The trial court determined that the so-called initiative petition was actually a referendum, and that as such, it had not been filed

timely. Moreover, the court determined that the petition would not have been lawful as an initiative petition. Consequently, the court concluded that the decisions of the Clerk and the Commission to place the issue on the ballot were unlawful and unconstitutional and granted UBDH a permanent injunction barring the county from placing this particular petition on the ballot.

¶ 4 UBDH then filed a motion for attorney fees, which the county opposed. In August 2003, the trial court held a hearing on the matter and then briefly took it under advisement. The court issued an oral decision denying the motion for fees and requested that the County Attorney draft the order. UBDH was not satisfied with the county's proposed order and drafted its own alternative order, which it then submitted to the trial court. On October 3, 2003, after reviewing the competing draft orders, the trial court accepted the county's version with certain modifications. UBDH now appeals.

### ISSUE AND STANDARD OF REVIEW

■ ¶ 5 UBDH argues that the trial court erred in denying its request for attorney fees pursuant to the private attorney general doctrine. "[T]he appropriate standard for reviewing equitable awards of attorney fees is abuse of discretion." *Hughes v. Cafferty*, 2004 UT 22, ¶ 20, 89 P.3d 148.

### ANALYSIS

■ ¶ 6 UBDH argues that its efforts to force Davis County to act in conformance with the law were required by the actions of the County Clerk and the County Commission; thus, the trial court erred in denying UBDH's motion for attorney fees. "In general, Utah follows the traditional American rule that attorney fees cannot be recovered by a prevailing party unless a statute or contract authorizes such an award." *Hughes v. Cafferty*, 2004 UT 22, ¶ 21, 89 P.3d 148. " 'However, in the absence of a statutory or contractual authorization, a court has inherent equitable power to award reasonable attorney fees when it deems it appropriate in the interests of justice and equity.' " *Id.* (quoting *Stewart v. Public Serv. Comm'n*, 885 P.2d 759, 782 (Utah 1994)).

Among the methods of granting an equitable award of attorney fees [recognized in Utah] is a doctrine known as the "private attorney general." Under this doctrine, "[c]ourts ... have awarded attorney fees to a party as a 'private attorney general' when the 'vindication of a strong or societally important public policy' takes place and the necessary costs in doing so 'transcend the individual plaintiff's pecuniary interest to an extent requiring subsidization.' "

*Shipman v. Evans*, 2004 UT 44, ¶ 23, 100 P.3d 1151 (alterations in original) (citations omitted). However, fees awarded under this doctrine are not only unusual, but they are awarded only in extraordinary cases. *See id.* at ¶ 24. The determination of whether a case rises to this level is preliminarily left to the discretion of the trial court, and "we will not undertake our own assessment of whether [UBDH's actions] vindicated a public policy, nor will we attempt to gauge anew the importance of any vindicated policy." *Id.* at ¶ 25. Our review, then, is ultimately only to determine if the trial court exceeded the permitted range of its discretion.

■ ¶ 7 We do, however, insist that a trial court's decision concerning a motion for the award of attorney fees be supported by adequate findings. *See J. Pochynok Co. v. Smedsrud*, 2005 UT 39, ¶ 13, 116 P.3d 353. Moreover,

[f]or findings of fact to be adequate, they "must show that the court's judgment or decree 'follows logically from, and is supported by, the evidence.' The findings 'should be sufficiently detailed and include enough subsidiary facts to disclose the steps by which the ultimate conclusion on *each* factual issue was reached.' "

*Armed Forces Ins. Exch. v. Harrison*, 2003 UT 14, ¶ 28, 70 P.3d 35 (quoting *Acton v. Deliran*, 737 P.2d 996, 999 (Utah 1987)); *see also Butler, Crockett & Walsh Dev. Corp. v. Pinecrest Pipeline Operating Co.*, 909 P.2d 225, 232 (Utah 1995). In the absence of adequate findings, which eliminates our ability to "get a clear understanding of the basis of the trial court's judgment," we must remand the issue for further findings. 5 Am.

Jur.2d *Appellate Review* § 688 (1995); *see also Harrison,* 2003 UT 14 at ¶ 28, 70 P.3d 35.

■ ¶ 8 UBDH filed a motion in the trial court requesting attorney fees under the private attorney general doctrine. UDBH argued that by filing, and prevailing in, its action to enjoin Davis County from placing the issue on the ballot, it was vindicating a " 'strong or societally important public policy' " and that its action " 'trancend[ed its own] pecuniary interest to an extent requiring subsidization.' " (quoting *Stewart v. Public Serv. Comm'n,* 885 P.2d 759, 783 (Utah 1994)). The trial court held an evidentiary hearing on the issue, following which it issued its decision denying UBDH's claim.

¶ 9 Its decision, however, intermingles elements of many of the various equitable doctrines by which a party might qualify for attorney fees. Moreover, the trial court did not specifically address UBDH's private attorney general doctrine claim. In particular, the trial court did not enter adequate findings concerning UBDH's claim that its efforts vindicated a societally important public policy. *See Stewart,* 885 P.2d at 783. The trial court also failed to address whether UBDH's action transcended its own pecuniary interests to an extent requiring subsidization. *See id.* Finally, although the trial court did find that UBDH's action did not amount to an extraordinary case, *see id.,* it did so after concluding that the case was "unique," and that it involved "significant [voting rights] issues." We find it impossible to reconcile these opposing views without further factual support for, and an explanation of, the trial court's ultimate conclusion.

¶ 10 Because these absent findings are essential to our review of the trial court's decision, we conclude that the trial court's factual findings are inadequate. Moreover, "[s]ince it is not within our realm of authority to make such findings," *Harrison,* 2003 UT 14 at ¶ 32, 70 P.3d 35, we have no choice but to remand this case to the trial court for the entry of additional findings on these specific issues.

¶ 11 On remand, the trial court is instructed to enter appropriate findings given its assessment of the evidence of record and

then to enter conclusions consistent with those findings. The court must articulate sufficient subsidiary factual findings to illuminate and inform its eventual conclusion regarding UBDH's petition for attorney fees pursuant to the private attorney general doctrine.

CONCLUSION

¶ 12 Eligibility for an award of attorney fees under the private attorney general doctrine is contingent upon the petitioner satisfying several settled factors. However, the trial court retains the discretion to deny the request for fees. Whether the trial court awards or denies the requested fees, it must support its decision with sufficient factual findings to provide a basis for its decision. In this case, the trial court failed to enter adequate subsidiary findings to justify its ultimate conclusion and in doing so eliminated our ability to meaningfully review the decision and ensure that the court has not abused its discretion.

¶ 13 Accordingly, we remand this case to the trial court for the entry of adequate findings and legal conclusions and a decision consistent with those findings and conclusions.

¶ 14 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge and GREGORY K. ORME, Judge.