2014 UT App 37

**James GILES, Plaintiff and Appellee,**

v.

**MINERAL RESOURCES INTERNATIONAL, INC., Defendant and Appellant.**

No. 20120950–CA.

Court of Appeals of Utah.

Feb. 13, 2014.

Mark L. Anderson, Salt Lake City, and Paul H. Johnson, Attorneys for Appellant.

Donald L. Dalton, Salt Lake City, Attorney for Appellee.

Judge JAMES Z. DAVIS authored this Memorandum Decision, in which Judges STEPHEN L. ROTH and MICHELE M. CHRISTIANSEN concurred.

DAVIS, Judge:

¶1 Mineral Resources International, Inc. (MRI) appeals the trial court's grant of summary judgment and award of attorney fees in favor of James Giles. We remand the summary judgment ruling for clarification by the trial court. We vacate the trial court's award of attorney fees and remand for further proceedings on that issue consistent with this decision.

## I. Summary Judgment

¶2 "[S]ummary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Wilcox v. Anchor Wate, Co.*, 2007 UT 39, ¶10, 164 P.3d 353 (citation and internal quotation marks omitted); *see also* Utah R. Civ. P. 56(c). We review the trial court's grant of summary judgment for correctness and "view the facts and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *Wilcox*, 2007 UT 39, ¶10, 164 P.3d 353 (citation and internal quotation marks omitted).

¶3 Giles's complaint presented three alternative theories by which he sought a declaration that a two-year non-competition agreement he signed with MRI (the Agreement) "has no validity, force, or effect." Those three theories are (1) that the Agreement was never valid, (2) that Giles never breached its terms, and (3) that the Agreement expired by its own terms on February 22, 2012. He continued to argue these three theories in his motion for summary judgment, memorandum in support of that motion, and several other filings.

¶4 It was not until the hearing on Giles's motion for summary judgment that he focused primarily on the theory that the Agreement had expired on February 22, 2012. At that hearing, the trial court asked Giles to clarify what he was asking the court to do with his motion. Giles's trial counsel responded, "The ruling that we would urge upon the Court is that as of February 22, ... 2012, the noncompetition agreement is of no further—no continued validity, force or effect...." The trial court paraphrased the request as seeking a declaration that Giles "can go out now and compete" because the two years have passed. Giles's trial counsel nodded in agreement with this summary. The court further clarified that its ruling granting summary judgment on this point would not "affect [MRI's] claims for damages or relief" arising out of its unrelated counter-claim or a future claim "that [Giles] somehow breached [the Agreement during] that two year period." In various parts of the record, it seems that Giles, through his trial counsel, agreed with this point, recognizing that MRI still has several years before the statute of limitations bars its ability to bring "future claim[s] for breach of the covenant" that arose out of conduct occurring before February 22, 2012. Accordingly, the trial court's order granting Giles's motion for summary judgment stated, "It is hereby ordered, adjudged, declared, and decreed that as of February 22, 2012, the Non–Competition Agreement that is the subject of the action between the parties hereto has no validity, force, or effect." In a separate but concurrently-issued ruling, the court dismissed the other two theories pleaded in Giles's complaint, stating, "[A]ny other claim in the Complaint for Declaratory Judgment is dismissed, without prejudice."

¶5 MRI agrees that the Agreement expired on February 22, 2012, by operation of its terms. MRI's appeal arises out of its concern that the trial court's summary judgment ruling can be interpreted as having ruled in Giles's favor on Giles's two other claims, rather than dismissing those claims without prejudice. The broad wording in the ruling, MRI contends, amounts to a declaration that the Agreement has never been enforceable. As a result, MRI argues that the ruling has the potential to preclude its ability to pursue any subsequently discovered claims against Giles stemming from actions that occurred before the Agreement expired. MRI's trial counsel explained at a hearing after the trial court's entry of summary judgment, "If we had gotten a motion for summary judgment that said that the time has run [on the Agreement] and the events which occurred during that period of time are still available to us as potential causes of action, we're fine."

¶ 6 The record supports MRI's argument that the trial court intended to declare the Agreement unenforceable as to conduct occurring after February 22, 2012, while leaving untouched MRI's ability to enforce the Agreement for violations that may have occurred before it expired.[1] The transcripts from the hearings in the trial court illustrate the parties' and the court's confusion. While we recognize that "the language in the court's final written order controls," not the "language used during the hearing," *Evans v. State*, 963 P.2d 177, 180 (Utah 1998), the language employed in the summary judgment ruling is not entirely clear and could be interpreted in more than one way, particularly given the fact that the ruling is contained in three separate orders. Accordingly, because it is not clear from the trial court's written order whether it intended to do more than declare that the Agreement had expired, we direct the trial court on remand to enter an order clarifying the intended scope of its ruling. *See Pennington v. State*, 2005 UT App 330, ¶¶ 6–7, 120 P.3d 42 (remanding for clarification of an order subject to "competing interpretations"); *State v. Peterson*, 869 P.2d 989, 992 (Utah Ct.App.1994) (remanding for clarification where the trial court's order was unclear and the court's intent could not be determined from the record); *cf. Dunlap v. Stichting Mayflower Mountain Fonds*, 2005 UT App 279, ¶ 5, 119 P.3d 302 (clarifying that its earlier ruling reversing summary judgment and "remand[ing the case] for further proceedings consistent" with that decision was not an order that the trial court enter a specific judgment on remand (alteration in original) (internal quotation marks omitted)).

## II. Attorney Fees

¶ 7 Next, MRI argues that the trial court erroneously identified Giles as the prevailing party and awarded him attorney fees. The Agreement provides, "If any legal action arises under this agreement or relating thereto, ... [t]he prevailing party shall be entitled to costs and reasonable attorney's fees." The trial court found that Giles "pre-vailed on the question of whether or not [the Agreement] had expired." The court also found that MRI did not "prevail on anything" where it "didn't win on the question of whether or not the [Agreement] was valid or whether [Giles] had breached [it because the court] never made a finding one way or another."

¶ 8 MRI argues that Giles was not the prevailing party because he prevailed on only one of the three causes of action he had raised and the one claim that Giles prevailed on was not disputed by MRI. Instead, MRI considers itself the prevailing party, arguing that it "won the greater percentage of the total claims that" had been asserted. Giles argues that he raised only one claim for relief in his complaint and that the trial court's grant of his motion for summary judgment resolved that claim in his favor.

¶ 9 "Whether a party is the prevailing party in an action is a decision left to the sound discretion of the trial court and reviewed for an abuse of discretion." *Larry J. Coet Chevrolet v. Labrum*, 2008 UT App 69, ¶ 16, 180 P.3d 765; *accord R.T. Nielson Co. v. Cook*, 2002 UT 11, ¶ 25, 40 P.3d 1119. "But the related question of whether the trial court's findings of fact in support of an award of fees are sufficient is a question of law that we review for correctness." *Neff v. Neff*, 2011 UT 6, ¶ 48, 247 P.3d 380 (citation and internal quotation marks omitted).

¶ 10 "Where it is not manifestly obvious which party was the 'successful' or 'prevailing' party," *Stonecreek Landscaping, LLC v. Bell*, 2008 UT App 144U, para. 7, 2008 WL 1822192 (mem.), and when interpreting "contractual 'prevailing party' language," a court should employ a "'flexible and reasoned' approach," *A.K. & R. Whipple Plumbing & Heating v. Guy*, 2004 UT 47, ¶ 14, 94 P.3d 270 (quoting *Mountain States Broad. Co. v. Neale*, 783 P.2d 551, 556 n. 7 (Utah Ct.App.1989)). This approach should take into consideration "the significance of the net judgment in the case" and "the amounts actually sought[,] ... balanc[ed] ...

---

1. Claims still allowed under the Agreement would, of course, be subject to the applicable statute of limitations and related doctrines.

proportionally with what was recovered." *Id.* ¶ 26 (citation and internal quotation marks omitted). "Implicit in this rul[e] is the notion that courts should not ignore common sense when deciding which party prevailed." *Id.* ¶ 11 (construing the rule expressed in *Mountain States,* 783 P.2d at 557). Additionally, it is possible that neither party is entitled to attorney fees as the prevailing party; our supreme court has explicitly recognized that it has " 'never . . . applied any standard that precludes a finding of a draw.' " *Neff,* 2011 UT 6, ¶ 70 & n. 49, 247 P.3d 380 (quoting *A.K. & R. Whipple,* 2004 UT 47, ¶ 22, 94 P.3d 270); *see also A.K. & R. Whipple,* 2004 UT 47, ¶ 22, 94 P.3d 270 (noting that a finding of a draw and subsequent award of no attorney fees may be upheld even in the face of statutory language stating "that a prevailing party shall be entitled to fees" (citation and internal quotation marks omitted)).[2]

 ¶ 11 Here, the trial court did not analyze any of these factors before awarding Giles his attorney fees as the prevailing party. *See J. Pochynok Co. v. Smedsrud,* 2005 UT 39, ¶¶ 12–13, 116 P.3d 353 (reversing the issue of attorney fees where the trial court's reasoning supporting its attorney fees award was not apparent in the record on appeal). Although the trial court dismissed two of Giles's claims without prejudice, Giles did not formally withdraw either of those claims.

Further, there is sufficient information in the record to determine that the issue of the Agreement's expiration was not in dispute, undermining the notion that there is a prevailing party here. Because the trial court cursorily concluded that Giles was the prevailing party based on its grant of summary judgment on an arguably uncontested claim and its dismissal without prejudice of the two claims that were contested, we vacate the trial court's attorney-fees ruling. *See A.K. & R Whipple,* 2004 UT 47, ¶¶ 27–28, 94 P.3d 270 (concluding that the trial court's explanation of its rationale in denying attorney fees to either party and declaring the case a draw was adequate, even though it was "lacking in detail," because the trial court articulated the "common sense factors" it considered in addition to the principles embodied in the " 'net recovery rule' "). This "insufficiency of information requires that we . . . remand this case to the trial court for a determination of awards" in accordance with this decision. *See J. Pochynok Co.,* 2005 UT 39, ¶ 13, 116 P.3d 353. It is also important to note here that "[o]ur difficulty is with the trial court's process, not necessarily the outcome." *See id.* (recognizing that "[a]fter a determination of the awards and offsets likely considered and made by the jury, it is entirely possible that the trial court might once again conclude that the [respondents were] the successful party").[3]

---

**2.** Giles contends that this line of cases is inapplicable because the cases involve multiple claims on which both parties had some success. Giles categorizes his complaint as presenting a "single claim [with] various faces" that he "successfully prosecut[ed]." Implicitly, the trial court rejected Giles's categorization of his complaint as alleging a single claim, and we agree, particularly in light of Giles's conflicting statements of having more than one claim, the trial court's ruling that "all other claims were dismissed without prejudice," and the fact that each of the three "faces" to Giles's "claim" implicated distinct declaratory judgments. Accordingly, the attorney-fee rules outlined above are applicable here.

**3.** Because of the manner in which we have ruled on the trial court's prevailing-party determination, we need not address MRI's challenge to the amount of attorney fees the court awarded to Giles. However, to the extent this issue may appear on remand, we recognize that "the trial court has broad discretion in determining what constitutes a reasonable fee." *See Dixie State*

*Bank v. Bracken,* 764 P.2d 985, 991 (Utah 1988). The amount the trial court awards "must be supported by evidence in the record," though "what constitutes a reasonable fee is not necessarily controlled by any set formula." *Id.* at 988–89; *see also Alexander v. Brown,* 646 P.2d 692, 695 (Utah 1982) (affirming the trial court's calculation of attorney fees as an amount in between the figures suggested by counsel on each side). We also decline to address MRI's challenge that the trial court erred in awarding Giles attorney fees based on its arguments that the evidence supporting Giles's request was disputed and deemed inadequate by the trial court; Giles never complied with the trial court's request for additional affidavit evidence indicating the amount of attorney fees incurred in pursuing each of his claims. *See generally Reighard v. Yates,* 2012 UT 45, ¶ 41, 285 P.3d 1168 ("A court cannot award all attorney fees requested if they have not been allocated as to separate claims, but may deny attorney fees for failure to allocate."); *Estate of Covington ex rel. Covington v. Josephson,* 888 P.2d 675, 679 (Utah Ct.App.1994)

¶ 12 In sum, we vacate the trial court's attorney fee award and remand for the entry of further findings in support of such an award as the court deems appropriate. We also instruct the trial court to enter an order clarifying the scope of its summary judgment ruling.[4]

---

(explaining that when the relevant facts regarding attorney fees are disputed, "a trial court must take evidence of the reasonableness of attorney fees altogether and make findings thereon" and noting that undisputed relevant facts can be in the form of an unrebutted affidavit).

4. In light of the manner in which we resolved the issues presented on appeal, we deny Giles's request for attorney fees incurred on appeal. MRI did not request attorney fees on appeal, and we accordingly do not award any. *See generally Valcarce v. Fitzgerald*, 961 P.2d 305, 319 (Utah 1998) (noting that the party prevailing on appeal is entitled to attorney fees incurred on appeal if that party was also awarded attorney fees below).